PIERCE, Respondent, v. PEOPLE'S TELEPHONE & TELE-
GRAPH CO. et al., Appellants.

PIERCE, Appellant, v. FIDELITY & DEPOSIT CO. et al,
Respondents.

(199 N. W. 241.)

(File Nos. 5407, 5409.   Opinion filed May 15, 1924.)

**Municipal Corporations—Negligence—Damages—Pleadings—Demurrer
—Complaint Held Not to Show Telephone Pole Was Proximate
Cause of Automobile Accident Injuring Pedestrian.**

> A complaint held not to show that telephone pole in street,
> which had been declared a nuisance and would have been re-
> moved by force, if telephone company had not secured a tem-
> porary injunction, was proximate or concurring cause of injury
> to pedestrian on sidewalk struck by automobile.

Appeal from Circuit Court, Fall River County; HON. WALTER
G. MISER, Judge.

Action by Ires E. Pierce against the people's Telephone &
Telegraph Company, the Fidelity Deposit Company, and Walter
Havens.   From an order overruling the demurrer of defendant
Telephone Company, it appeals; and, from an order sustaining
the demurrer of defendant Fidelity Company, plaintiff appeals.
Order sustaining demurrer affirmed, and order overruling de-
murrer reversed.

In No. 5407:

W. G. Rice and Joseph S. Wishart, both of Deadwood, and
Chas. S. Eastman, of Hot Springs, for Appellant.

E. W. Martin and W. B. Dudley, both of Hot Springs, for
Respondent.

In No. 5409:

E. W. Martin and W. B. Dudley, both of Hot Springs, for
Appellant.

W. G. Rice and Joseph S. Wishart, both of Deadwood, and
Chas. S. Eastman, of Hot Springs, for Respondent.

Appellant cited:   Norris v. Ross Tp., 161 Pac. 582; Rail-
way Co. v. Columbia, 69 Pac. 338; Gas v. Dabney, 102 Pac.
488; Eberhart v. Telephone Ass'n, 129 Pac. 416; Railway Co. v.
Bailey, 71 Pac. 416; Bell v. Village of Wayne, 82 N. W. 215;
Doak v. Saginaw Tp., 78 N. W. 883; Anderson v. Schurke,

96 N. W. 862; Schwartz v. California Gas & Electric Corp., 125 Pac. 1044; Cole v. German Savings & Loan Society, 124 Fed. 115; Western Union Telegraph Co. v. Schriver, 141 Fed. 550; Loftus v. De Hail, 65 Pac. 379; Hausle v. Town of Goshen, 75 N. Y. S. 723; King v. State, 194 N. Y. S. 420; Heister et ux. v. Faun Tp., 42 Atl. 121; Nichols et al. v. Pittsfield Tp., 58 Atl. 283; Howard v. Flathead Indep. Telephone Co., 141 Pac. 153.

Respondent cited: 6 McQuillin Mun. Corp., Sec. 2845; Telephone Co. v. Gasper, 93 S. W. 1057, 9 L. R. A. (N. S.) 548; Clarke v. Crimmins, 10 N. Y. Supl. 868; Ring v. City of Cohoes, 77 N. Y. 83; Yeaw v. Williams, 23 Atl. 33; Miner v. Franklin, (N. H.) 99 L. R. A. 647; McKenna v. Gas Company, 47 Atl. 990; Fitzpatrick v. Penfield, 109 Atl. 653; Hammond v. Jahnke, (Ind.) 99 N. E. 39; Carterville v. Cooke, 22 N. E. 14, 4 L. R. A. 721; Brown v. St. John, (Mich.) 154 N. W. 79; Morrison v. Ironwood, 155 N. W. 477; Martin v. Iron Works, 31 Minn. 407; Johnson v. Telephone Co., 48 Minn. 433, 51 N. W. 225; Purcell v. Stublefield, 139 Pac. 290; Eads v. Marshall, (Tex.) 29 S. W. 170; Shaffir v. Shaffier, 233 S. W. 419; Railroad Co. v. Sutton, 63 Fed. 394.

POLLEY, J.   In this action plaintiff seeks to recover damages for personal injuries suffered on one of the streets of the city of Hot Springs.   The defendants named are Walter Havens, People's Telephone & Telegraph Company, and Fidelity & Deposit Company.   The defendants telephone and telegraph company and Fidelity Company appeared separately, and each demurred to the complaint on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action.   The demurrer of the telephone company was overruled, and the telephone company appeals.   The demurrer of the Fidelity company was sustained, and plaintiff appeals.   The appeals were submitted together, and both will be disposed of by one opinion.

The accident that caused plaintiff's injury took place at the intersection of River avenue and Minnekahta street, the two main traveled thoroughfares of the city.   At this point the traffic is very heavy, and, in addition to ordinary travel, the intersection of these two streets is a point where automobiles and other vehicles are allowed to turn and change, vary, or reverse their courses.

At a point in the traveled portion of River avenue 10 feet

easterly from the west curb thereof, and a few feet to the south of the southwesterly intersection of the side lines, viz. the west line of River avenue, and the south line of Minnekahta street, stands a large telephone pole, owned and maintained by the defendant telephone company. The city had declared this pole a nuisance and had repeatedly demanded of the telephone company that it remove the same. The telephone company refused to remove the pole, and the city authorities were about to remove it by force, when the telephone company commenced an action against the city to restrain it from interfering with the pole. A temporary injunction was granted, to take effect upon the filing of an undertaking in the sum of $10,000. A bond in that amount was furnished by the defendant Fidelity company, and was conditioned to pay "to the defendant, the city of Hot Springs, * * * such damages not exceeding $10,000 as said defendant may sustain by reason of said injunction order. * * *" This bond is dated July 6, 1922.

On the 6th day of January, 1923, plaintiff was on the sidewalk on the south side of Minnekahta street, approaching River avenue. As she reached the point where said sidewalk intersects the west side of River avenue, but while she was still on said sidewalk, and where no vehicle had right to be, she was struck by an automobile driven by the defendant Walter Havens, and received the injuries for which she is seeking to recover in this action. The manner in which she was struck is alleged in the complaint as follows:

"The defendant Walter Havens was driving in a southerly direction coming from the north of the junction of the said streets and driving a Ford automobile containing himself, his wife, and three children; his car swerved more or less to the right and was headed directly towards the telephone pole, the obstruction of the defendants herein referred to, and but for the said obstruction the said defendants could readily have passed on to the south within the boundaries of River avenue, but was prevented from so doing by the presence of the said obstruction against which, if he had continued his course, there was great danger of crashing into the said pole and seriously injuring himself and family, and seriously damaging the car which he was driving. That under these critical circumstances the said defendant wrongfully

drove his car rapidly and without warning to this plaintiff, outside of the line of River avenue and wrongfully ran into this plaintiff where she was standing upon the sidewalk, and outside the line of vehicle travel in either of the said streets, knocking her down and dragging her body several yards in a southerly direction and throwing her at the foot of the cement coping or area wall constituting the boundaries of the line of travel at the junction of the said streets."

Plaintiff's theory on which she bases her claim that defendants telephone company and Fidelity Company are responsible for her injuries, and therefore liable in damages, is as follows: That had the telephone pole not been standing in the street and obstructing the passage of the car driven by Havens, he could and would have driven the car over the place occupied by the pole, and plaintiff would not have been struck. It is her further theory that had defendant Fidelity company not furnished the bond in the injunction case, the pole would have been removed by the city and plaintiff would not have been struck. In other words, that defendants telephone company and Fidelity Company jointly maintained the pole, that the pole was one of the concurring causes of the injury, and therefore these two defendants were jointly liable with Havens for the resulting injury.

For the purposes of this case we shall assume that the telephone pole was a public nuisance and a menace to the safety of every person who had occasion to pass down River avenue, or who had occasion to turn from Minnekahta street into River avenue at that particular place.

In view of the above assumption, it does not necessarily follow that the pole was the proximate or one of the concurring causes of plaintiff's injury. There is nothing upon which to base an assumption that Havens would have driven his car over the place occupied by the pole, had the pole not been there, nor that he would not have struck plaintiff had the pole not been there. No reason appears from the complaint why Havens could not have driven his car either to the right or the left of the pole without touching plaintiff, or, if he had his car under control, why he could not have turned into Minnekahta street, nor that he could not have stopped his car and avoided a collision with the pole.

After a careful consideration of all of the circumstances as shown by the complaint, we are of the opinion that plaintiff's injuries resulted wholly from the reckless and negligent manner in which Havens handled his car at the time of the accident. Indeed, it is alleged in the complaint that just at that point the car "swerved more or less to the right," intimating that he was not able to control the car. We have examined the many cases cited by plaintiff on this proposition, but fail to find any of them sufficiently analogous to this case to be at all controlling. What these cases establish is that a party may be liable for his negligence, although there may be other concurring causes that contribute to the injury. This rule is tersely stated in Gas. Co. v. Coats, 29 Ind. App. 299, 64 N. E. 638, in the following language:

"It is well settled that where the plaintiff was injured, without his fault, by the concurrent negligence of the defendant and a third person not subject to the plaintiff's control or direction, the defendant cannot avail himself of the negligence of such third person as a defense."

In this case, in order to hold the telephone company liable, it is necessary to assume as a fact that the injury would not have occurred except for the presence of the pole. But whether the pole was in any degree responsible for the accident to plaintiff is a matter of pure speculation. As said above Havens could have gone to the right or the left of the pole, or he could have turned to the right into Minnekahta street, or he could have stopped his car, or he could have lost control of his car and run over the plaintiff if the pole had not been there. It cannot be said with any degree of certainty that the pole was responsible, even remotely, for the injury, and the demurrer of the telephone company should have been sustained.

This disposes of the whole case, for if the telephone company is not liable, then the surety company, even though by furnishing the bond and in that way aiding the telephone company in maintaining the pole, cannot be liable.

The order sustaining the demurrer of the surety company is affirmed, and the order overruling the demurrer of the telephone company is reversed.

Note.—Reported in 199 N. W. 241. See, Headnote, American Key-Numbered Digest, Municipal corporations, Key-No. 706(1), 28 Cyc. 914 (1925 Anno.); Motor vehicles, 28 Cyc. 45.