CHILES, Respondent, v. ROHL, Appellant.

(201 N. W. 154.)

(File No. 5032.   Opinion filed December 5, 1924.)

1.   **Master and Servant—Actions—Workman's Compensation Law—Decedents—Damages—Action for Death of Federal Employee Held Properly Brought in Name of Personal Representative, Notwithstanding Federal Compensation Law.**

   Action for wrongful death of federal employee injured by third persons is properly brought, as provided by Rev. Code 1919, Sec. 2931, by deceased's personal representative, not-

withstanding anything in federal Compensation Law (U. S. Comp. St., Secs. 8932a-8932uu); cause of action not having been assigned, and compensation commissioner not having required assignment to United States, as provided in Section 8932mm and Section 8932n, contemplating action by beneficiary, recovery in which bars action by United States.

2. Municipal Corporations — Negligence — Proximate Cause—Negligence of Each Driver of Colliding Vehicles, Injuring Pedestrian, Held Proximate Cause.

Where collision at street intersection of truck and cab, killing a pedestrian, could have been avoided had either been keeping a proper lookout, and not driving at excessive speed, negligence of driver of cab as well as that of truck driver was a proximate cause of the accident, though he had the right of way at intersection.

3. Municipal Corporations—To Be Proximate Cause, Enough that Result Is Natural or Probable.

For negligence of cab driver to be proximate cause, it was not necessary for him to know that result of his excessive speed would be collision with truck at street intersection, occasioning death to pedestrian, against whom cab was thrown; it being enough that it was a natural or probable result of his negligence.

4. Evidence—Res Gestae—Whether Statement Was Part of Res Gestae Depends More on the Circumstances Than Length of Time After Occurrence.

Whether statement was part of res gestae depends more on the circumstances under which the words were spoken than on the precise length of time after the occurrence.

5. Appeal and Error—Trial—Ruling as to Statement Being Part of Res Gestae Not Disturbed, Trial Judge Having Fairly Exercised Judgment.

Trial judge having had before him the parties to the transaction and fairly exercised judgment as to statement having under the circumstances been part of the res gestae, his ruling will not be disturbed.

6. Appeal and Error — Trial — Evidence — Exclusion of Statement Harmless Where It Could Not Have Changed Result.

Exclusion of statement, claimed to have been res gestae, was harmless, where nothing that could have been said would have changed the result, in view of evidence.

7. Municipal Corporations — Trial — Instructions — Negligence—Instructions Held Sufficient as to Intervening Cause of Injury to Pedestrian by Colliding Vehicles.

Instructions in action against operators of truck and cab which collided, throwing cab against pedestrian, held sufficient

as to intervening cause; they making plain that verdict should not be found against either defendant, unless injury was result of sole or joint negligence of such defendant.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Action by Laura F. Chiles, as administratrix of Floyd V. Chiles, deceased, against Eli Rohl and others. From judgment for plaintiff and order denying new trial, defendant Lewis L. Leavitt appeals. Affirmed.

*Bailey & Voorhees,* of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

(3) To point three of the opinion, Appellant cited: 20 R. C. L. 43, 44, 22 R. C. L. 132; Cole v. German Savings & Loan Society, 134 Fed. 113; Chicago, St. P. M. & O. Ry. Co. v. Elliott, 55 Fed. 949, 952, 5 C. C. A. 347, 350, 20 L. R. A. 582; Railway Co. v. Kellog, 94 U. S. 479, 24 L. ed. 256; Hoag v. Railroad Co., 85 Pa. 293, 298, 299, 27 Am. Rep. 653; Schumaker v. St. Paul, 46 Minn. 39; Milwaukee v. Kellog, 94 U. S. 475; Atchison v. Stanford, 12 Kan. 354.

Respondent cited: Cooley on Torts, 3rd ed. vol. 1, 119; Hellan v. Supply Laundry Co., 163 Pac. 9; Washington & Georgetown Railroad Co. et al v. Margaret L. Hickey, 166 U. S. 521, 41 L. ed. 1101; Miller v. Weck, 217 S. W. 905; Louisville v. Schnider, 136 S. W. 212, 35 L. R. A. (N. S.) 207; Norton v. Chandler & Co., 108 N. E. 897, 22 L. C. L. 128; Axtel v. Milwaukee Electric Ry. Co. 263; Kelly v. Great Northern Ry., 121 N. W. 167; Torkins v. Clay Street Ry. Co., 66 Cal. 163, 11 Am. Neg. Cas. 181; Matthews v. Delaware Ry. Co., 12 Am. Neg. Cas. 283; City Electric Ry. v. Conery, 31 L. R. A. 570; Colorado Mortgage & Investment Co. v. Giacomini, L. R. A. 1915B, 364; Christensen v. Chicago etc. Ry. Co., 69 N. W. 640; 22 R. C. L. 128.

(4) To point four, Appellant cited: 10 R. C. L. 161; 1 Elliott on Evidence, Sec. 549; 22 C. J. 452; Coffin v. Bradbury, 35 Pac. 719; Britton v. Washington Power Co., (Wash.) 33 L. R. A. (N. S.) 109; McMahon v. Chicago City Railway Co., 88 N. E. 223; Armil v. Chicago, B. & Q. Ry. Co., (Iowa) 30 N. W. 42; St. Laurent v. Manchester Street Railway, (N. H.) 92 Atl. 959.

Respondent cited: Miller v. McConnel, (S. D.) 120 N. W. 888.

POLLEY, J.   Plaintiff in this action is the widow of Floyd Chiles, deceased, and the administratrix of his estate.   The action is brought to recover damages for the death of said decedent which is claimed to have been caused by the negligence of defendants.   Plaintiff had judgment against the defendants Eli Rohl and Lewis Leavitt, and from such judgment and an order denying him a new trial defendant Leavitt appeals.

Appellant was operating a taxicab on the streets of Sioux Falls, and the defendants Rohl, and Althaus were operating a Ford truck on said streets.   At about 11 o'clock on the mornig of January 26, 1918, the said taxicab was traveilng east on Ninth street in said city, and was approaching the intersection of said street with Prairie avenue.   It was moving in excess of the speed limit, fixed by the city ordinances at 15 miles per hour.   Various eyewitnesses testified that it was going 25 to 40 miles per hour. At the same time the said truck was approaching said intersection from the north on Prairie avenue, and was also exceeding the speed limit; eyewitnesses estimated its speed at from 15 to 25 miles per hour.   These two streets intersect at right angles.   The taxicab was on the right-hand side of the street and had the right of way at the intersection.   The truck was in the center or between the center and left-hand side of Prairie avenue.   Neither vehicle slowed down as it approached the intersection.   On the contrary, it is claimed, and the evidence indicates, that the driver of each vehicle tried to pass the intersection ahead of the other. The result was that the truck struck the taxicab, throwing it out of its course and against and over the curbing at the southeast corner of the intersection of the two streets.   Just within the parking at this intersection was a mail box.   At the instant of the collision the said Chiles, who was a mail carrier, was in the act of taking mail from this box.   As the taxicab went over the curbing, it struck Chiles, causing his death shortly thereafter.

It is the position of respondent that the accident was the result of concurring acts of negligence of the drivers of the two vehicles; while it is the contention of appellant that the negligence of the driver of the truck was the proximate cause of the accident and that appellant is not liable.   It is also claimed by appellant that plaintiff is not the real party in interest and should not be permitted to maintain this action; and this question must be disposed of before taking up the merits of the controversy.

[1] This latter contention is based upon the federal Compensation Law, sections 8932a to 8932uu, U. S. Compiled Statutes 1918. Under the provisions of this act the government pays certain sums as compensation for disability or death of an employee resulting from personal injury sustained while in the performance of his duty; provided, however, that if the injury or death for which compensation is payable is the result of circumstances creating a legal liability upon some one other than the United States to pay damages, the commission ('U. S. Employee's Compensation Commission) may require the beneficiary to assign to the United States any right of action he may have to enforce such liability, or to require such beneficiary to prosecute such action in his own name. The amount, if any, recovered shall be used to reimburse the government, and the surplus, if any, shall be retained by the beneficiary. Section 8932mm; U. S. Comp. St. 1918.

In this case certain sums had been advanced to plaintiff by the government under the provisions of the above statute. Appellant contends that this action is brought for the benefit of the government, and should be brought in the name of the government and not in the name of this plaintiff. There is no merit in this contention. In the first place, this case is governed by section 2931, Code 1919, which requires the action to be brought in the name of the personal representative of the deceased person—in this case the administratrix of the decedent's estate. In the second place, the cause of action was not assigned, nor did the Compensation Commission require an assignment, to the United States as provided in section 8932mm, U. S. Comp. St. 1918. The government never became the owner of the cause of action. The provisions of section 8932n contemplate the prosecution of the action by the beneficiary, and a recovery by the beneficiary bars an action by the United States. The disposition of the amount recovered as between the plaintiff and the United States is not a matter of concern to the defendant.

[2, 3] Upon the question of negligence and proximate cause, it is admitted that the driver of the taxi was negilgent in exceeding the speed limit and in not slowing down as he approached the intersection, but that it was the intervening negligence of the truck driver that caused the injury. This, of course, is true;

but it is just as true that the negligence of the truck driver would not have caused the injury without the intervening negligence of the cab driver. Either of these vehicles, in the absence of the other, could have passed this corner at the rate of 100 miles per hour without injury to the decedent. Had either of these drivers been keeping a proper lookout and had his own vehicle under control, he could have avoided the collision however fast the other may have been going. But both were negligent. Both were driving at a reckless and dangerous rate of speed. The truck driver was on the wrong side of the street and should have slowed down and let the cab pass the intersection first. The cab had the right of way over the intersection, but had the driver of the cab been keeping a proper lookout, and had his machine under control, he could have stopped or turned to the right or left and avoided the collision. It was not necessary for the taxi driver to know that the result of his excessive speed would be a collision with the truck. He is responsible for any natural or probable result of his negligence. His act being a negligent act and being in the very process of execution at the time of the accident, and which accident would not have happened but for his negligence, the fact that another negligent act of a third party contributed to the happening of the accident would not absolve him. The negligent acts of the drivers of both vehicles constituted but one cause for the accident, and both are liable. Washington & G. R. Co. v. Hickey, 166 U. S. 521, 17 S. Ct. 661, 41 L. ed. 1101.

"When an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable." 22 R. C. L. 129, 130.

The situation in this case is the exact opposite to that in Pierce v. Telephone Co. (S. D.) 199 N. W. 241, recently decided by this court. In that case the plaintiff was struck and injured by a passing automobile that was being driven in a reckless and negligent manner. The plaintiff claimed that she was struck because of the effort of the driver to avoid a collision with a telephone pole that was being negligently maintained by the defendant, and that but for the presence of the telephone pole she would not have been struck. There was nothing in the facts or the circumstances as alleged in the complaint to convince us that the pres-

ence of the pole in any wise contributed to the accident, or that the accident would not have occurred in the absence of the pole, and we held that, the telephone company was not liable. In this case the accident could not have occurred but for the concurring negligence of both defendants, and therefore both defendants are liable.

[4-6] Immediately after the accident the decedent, Chiles, was carried into a nearby house. Among others who helped to carry him in was the driver of the truck. While in said house and within 15 or 20 minutes after the accident, said driver narrated the manner of and the circumstances of the occurrence. He was not present at the trial, and appellant undertook to prove what he said by others who were present at the time. Appellant claimed these statements were admissible as a part of the res gestae, but were excluded by the court on the ground that they were hearsay.

Appellant was not prejudiced by the exclusion of this testimony. In the first place, what constituted the res gestæ depends more upon the circumstances under which the words were spoken than upon the precise length of time after the occurrence. The parties to the transaction were before the trial judge. He was in a better position to judge from these circumstances than we are, and, having fairly exercised his judgment, we are not disposed to disturb his ruling. In the second place, nothing that he could have said would have changed the result. There is little dispute as to the facts in the case. He could have done no more than to have admitted that he had acted negligently and that his negligence caused the injury. But we have already found that the accident could not have happened but for the concurring negligence of the driver of the taxicab and that both are liable.

A number of assignments are based upon certain instructions given the jury and the refusal to give other instructions requested by appellant.

Upon examining the requested instructions in connection with the instructions that were given by the court, we are satisfied that all pertinent matters contained in the requested instructions are included in the instructions that were given.

[7] Appellant contends that the jury was not properly instructed upon the matters of "intervening cause." This matter we believe was fully covered by the instructions that were given.

The jury was instructed that if the injury was the result of the joint negligence of the drivers of the two vehicles—if such negligence "was the joint proximate cause of the injury"—that their verdict should be against both defendants. The court then further instructed the jury that—

"On the other hand, if you find that the injury and death of plaintiff's husband was not due to the joint negligence of both of the defendants, by their servants or employees, but was due to the negligence of one of the drivers of one of the cars, and not to the other, and that such driver failed to operate his car in a careful and prudent manner, or failed to exercise the care and skill in the driving or operation of the car which he was driving, which an ordinary prudent man would have used or exercised under like circumstances, and that by reason of such negligence and failure to exercise ordinary care and skill in the management of his car the plaintiff's husband was injured and died, and that the negligence and failure of such driver to use and exercise the care and skill of an ordinary prudent man under like circumstances was the proximate cause of the injury and death of the plaintiff's husband, then your verdict shoud be for the plaintiff and against such defendant, only, and not as against the other defendant."

By these instructions it was made plain to the jury that they should not find a verdict against either defendant unless the injury was the result of the sole or joint negligence of such defendant. As we have already seen, the circumstances were of such a peculiar nature that the accident could not have happened except for the negligence of the drivers of both vehicles, and the jury was fully warranted in returning a verdict against both defendants.

The facts in this case are almost exactly parallel with the facts in Hellan v. Supply Laundry Co., 94 Wash. 683, 163 P. 9. In that case it is said:

"There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of the other." —citing Cooley on Torts (3d ed.) pp. 119-123.

The judgment and order appealed from are affirmed.

Note.—Reported in 201 N. W. 154. See, Headnote (1), American Key-Numbered Digest, Master and servant, Key-No. 354, Workmen's Compensation Acts, Sec. 167; (2) Municipal corporations, Key-No. 705(11), Negligence, 2 9Cyc. 497; (3) Municipal corporations, Key-No. 705(11), Negligence, 29 Cyc. 492, 495; (4) Evidence, Key-No. 121(1), 22 C. J. Sec. 545; (5) Appeal and error, Key-No. 970(2), 4 C. J. Sec. 2785; (6) Appeal and error, Key-No. 1056(6), 4 C. J. Sec. 2993; (7) Municipal corporations, Key-No. 706(3), Motor vehicles, 28 Cyc. 49.