Note.—Reported in 205 N. W. 708. See, Headnote (1), American Key-Numbered Digest, Principal and Agent, Key-No. 66, 2 C. J. Sec. 356; (2) Principal and Agent, Key-No. 66, 2 C. J. Sec. 401; (3) Principal and Agent, Key-No. 62(2), 2 C. J. Sec. 402; (4) Agency, Key-No. 78(3), 2 C. J. Sec. 617; (5) Pleading, Key-No. 64(2), 31 Cyc. 120; (6) Pleading, Key-No. 49, 31 Cyc. 83; (7) Pleading, Key-No. 49, 31 Cyc. 116.

---

PEIRCE, Appellant, v. PEOPLE'S TELEPHONE & TELE-
GRAPH CO. et al, Respondents, (Fidelity & Deposit
Co., Defendant).

PEIRCE, Appellant, v. PEOPLE'S TELEPHONE & TELE-
GRAPH CO. et al, Defendants, (Fidelity & Deposit
Co., Respondent).

(205 N. W. 713.)

(File Nos. 5738, 5739. Opinion filed November 9, 1925.)

1. **Municipal Corporations—Streets and Highways—Right of Driver Restricted to Facilities Afforded.**

    Right of driver of car to use of street held restricted to facilities for travel which street afforded.

2. **Telegraphs and Telephones—Negligence—Automobiles—Telephone Pole Wrongfully Maintained in Street Held Not Proximate Cause of Injury to Pedestrian on Sidewalk by Automobile Avoiding Pole.**

    Where automobile, wrongfully driving to right of another automobile, was forced to the side, and, in order to avoid a telephone pole, drove on the sidewalk, injuring a pedestrian thereon, the wrongful maintenance of the pole at that place would not be proximate cause of injury to pedestrian so as to give right of action by pedestrian against telephone company.

Appeal from Circuit Court, Fall River County; HON. WALTER G. MISER, Judge.

Action by Ires E. Peirce against the People's Telephone & Telegraph Company, the Fidelity & Deposit Company, and another. Each named defendant interposed a separate demurrer, which the trial court sustained in each case, and plaintiff appeals. Affirmed.

*E. W. Martin* and *W. B. Dudley,* both of Hot Springs, for Appellant.

*Eastman & Eastman,* of Hot Springs, and *Rice & Wishart,* of Deadwood, for Respondents.

(2)   To point two of the opinion, Appellant cited: Stein v. Railroads (Cal.), 113 Pac. 663; Mitchell v. Churches (Wash.), 206 Pac. 6; Standard Oil Co. v. Roberts (Va.), 107 S. E. 838; Belle Isle v. Kindig (Ga.), 103 S. E. 269; Roper v. Greenspon (Mo.), 210 S. W. 922.

Respondent cited: Railway Co. v. Columbia, 69 Pac. 338; Gas v. Dubney, 102 Pac. 488; Eberhart v. Telephone Ass'n, 139 Pac. 416; Railway v. Bailey, 71 Pac. 246; Bell v. Village of Wayne, 82 N. W. 215; Doak v. Saginaw Township, 78 N. W. 883; Anderson v. Schurke, 96 N. W. 862; Schwartz v. California Gas & Electric Corporation, 125 Pac. 1044; Chicago etc. Ry. Co. v. Elliott, 55 Fed. 946; Cole v. German Savings & Loan Society, 124 Fed. 115; Western Union Telegraph Co. v. Schriver, 141 Fed. 550; Loftus v. DeHail (Colo.), 65 Pac. 379; Hausle v. Town of Goshen, 75 N. Y. S. 723; King v. State, 194 N. Y. S. 420; Nichols v. Pittsfield Township, 58 Atl. 283.

BURCH, C.   Plaintiff commenced an action against the defendants to recover damages for personal injuries received in an accident in the city of Hot Springs, S. D., on or about the 6th of January, 1923.   The defendants, People's Telephone & Telegraph Company and Fidelity & Deposit Company demurred to the complaint.   The demurrer of the People's Telephone and Telegraph Company was overruled by the trial court, and that company appealed.   The demurrer of the Fidelity and Deposit Company was sustained by the trial court, and plaintiff appealed.   The appeals were heard together, and both demurrers were sustained on appeal.   The opinion is reported in 47 S. D. 463, 199 N. W. 241. Plaintiff then filed an amended complaint.   Both said defendants again separately demurred on the ground that the complaint did not state a cause of action against them; both demurrers were sustained by the lower court; and plaintiff has appealed from both orders.   The two appeals are now before us for disposition, and will be considered together.

Respondents are not objecting to the sufficiency of the complaint because of the omission of any formal essential allegation. Their objections go to the merits of the controversy, and present

the question of the sufficiency of the facts properly pleaded to render them liable. We will therefore not set out the complaint in full, which is long, but will state in a few words the facts over which the controversy arises.

At the time of the accident plaintiff was upon the sidewalk on Minnekahta avenue near the junction of that street with River avenue in the city of Hot Springs, S. D. Defendant Havens, driving south on River avenue in a Ford car containing himself, wife, and three children, was approached by a Dodge car coming north on said River avenue. The Dodge car reached the junction of the street with Minnekahta avenue a little before the Ford car reached the junction, and turned around the turning post in the center, reversing its direction, and started south on River avenue. Havens drove to the right of the Dodge car in crossing Minnekahta avenue. Out in River avenue, near the junction of the two streets, and nearly east of where plaintiff was on the sidewalk, the defendant telephone company maintained a large telephone pole. As Havens, who was driving rapidly, approached this pole, he was unable, at the speed he was traveling, to pass between it and the Dodge car, and to avoid a collision with the telephone pole he drove to the west of the pole onto the sidewalk, striking plaintiff and seriously injuring her. The telephone company maintained the pole over the objection of the city authorities, and, when the city was about to remove the pole, the telephone company prevented its removal by putting up a bond to pay all damages caused by reason of the obstruction. Defendant Fidelity & Deposit Company was the surety on this bond, and, if liable, it is because of its relation as such surety. The complaint states the acts of Havens as follows:

"The Havens car turned to the right of the Dodge car, and was headed directly towards the telephone and telegraph pole, the obstruction of the defendants herein referred, and but for the said obstruction the said defendant could readily have passed on to the south within the boundaries of River avenue, and but for such obstruction the Havens car would have passed on south on River avenue over the position occupied by the said pole, and between the curb and the Dodge car, and would have continued its course southerly on River avenue without accident to the plaintiff, but was prevented from so doing by the presence of said ob-

struction against which, if the defendant Havens had continued his course, there was great danger of crashing into the said pole and seriously injuring himself and family, and seriously damaging the car he was driving; that under these critical circumstances and to avoid crashing into the said pole the said defendant wrongfully drove his car rapidly, and without warning to the plaintiff, partly outside of the line of River avenue, and wrongfully ran into this plaintiff where she was standing upon the sidewalk and outside of the line of vehicle travel in either of said streets; * * * that the portion of River avenue wrongfully occupied by the said pole, and the portion of the avenue between the pole and the curb to the west which was obstructed by the said pole, were all required for the safe use of the street by vehicles at the time of the accident and for the safe passage of the two automobiles referred to. The space between the telephone pole and the Dodge car on the east and the space between the pole and the curb on the west were not sufficient respectively for the safe passage of the Havens car without collision at the speed it was traveling; that the obstruction of the street by means of said pole was one of the actual, immediate, and proximate causes of the said accident, and but for the said obstruction the accident would not have occurred."

[1, 2] Havens' rights and liabilities are not here involved, but in our discussion of the issues we shall assume that the complain states a cause of action against Havens. It is not claimed that the companies in any manner caused or contributed to Havens' negligence. Their negligence, if any, consists in maintaining the pole. Therefore this question is presented, Was the negligence of the telephone company in maintaining the pole the proximate cause of the injury? Plaintiff was injured by a carelessly driven automobile. She was not thrown against the pole; the car did not strike the pole; the pole did not deflect the car and throw it against her. It caused no injury by physical contact with any one. It may have been a nuisance and wrongfully maintained, yet all that can be charged to the pole in this action is that it stood as a formidable obstruction in the path of Havens. If it had not been there, the complaint says Havens would not have turned aside, but would have passed over the place occupied by the pole. If it had not been there, this could have been done, if

such space were not otherwise occupied, but, being there, that portion of the street was not open to traffic. Havens' right to the use of the street was restricted to the facilities for travel which it afforded. Havens' driving on the sidewalk was the direct cause of the accident. If he had not been at fault or negligent in doing so, it might be said that the pole caused him to act as he did, and was therefore the remote cause of the accident. On the other hand, if Havens was negligent (and the complaint says he was), it cannot be said that the pole was even the remote cause, for it did not cause his negligence, if it did cause him to dodge onto the sidewalk. It seems clear that the careless driving of the Ford car caused the accident. Havens had no right to pass the Dodge car to the right, nor to drive fast if the street was obstructed ahead. The allegation of the complaint that the accident would not have happened if the pole had not been there, as in that case Havens would have passed over the space occupied by the pole, presupposes that the space would not have been otherwise occupied. If the pole could have been maintained to exclude others and removed to permit Havens to pass, this would be true, but without the pole to keep others away it is only a conjecture as to what the condition would have been.

The orders of the lower court sustaining the demurrers are affirmed.

DILLON, J., concurs in the orders sustaining the demurrers.

POLLEY, P. J., not sitting.

Note.—Reported in 205 N. W. 713. See, Headnote, (1), American Key-Numbered Digest, Municipal Corporations, Key-No. 705(1), Highways, 29 C. J. Sec. 421; (2) Telegraphs and Telephones, Key-No. 15(4), 37 Cyc. 1641.