JAMIESON, Respondent, v. GERTH, Appellant.

(249 N. W. 921.)

(File No. 7419. Opinion filed August 23, 1933.)

*Williamson, Smith & Williamson,* of Aberdeen, for Appellant.

*E. B. Harkin* and *F. W. Noll,* both of Aberdeen, for Respondent.

RUDOLPH, P. J. Donald Jamieson, a minor, by his guardian ad litem brings this action to recover damages sustained in an accident occurring at a street intersection in the city of Aberdeen. The plaintiff was driving a motorcycle with a side car attached, and was going east on Eighth avenue in the city of Aberdeen. Another young man was riding in the side car. The defendant was driving her automobile north on State street, and at the intersection of Eighth avenue and State street a collision occurred. The plaintiff was quite severely injured, and the jury returned a verdict in his favor. This is an appeal from the judgment entered upon the jury's verdict and an order overruling a motion for a new trial.

The defendant made motions for a directed verdict and for judgment notwithstanding the verdict, for the reason that the undisputed evidence established the plaintiff's contributory negligence as a matter of law. We are of the opinion that these motions should have been granted, and this opinion will of necessity dispose of the entire case.

The jury having returned a verdict in favor of the plaintiff, we, of course, are bound to accept the testimony of plaintiff's witnesses as being the correct version of what actually happened at the time of this collision. The plaintiff's witnesses testified as follows:

Clifford L. Clark testified: "The motorcycle was traveling 18 to 20 miles an hour. The motorcycle was right in the intersection when I first became aware that there would be a collision. The automobile was traveling 25 to 30 miles per hour. At the time the motorcycle got in the intersection the automobile was 5 or 10 feet back from the intersection."

Helen Sahli testified: "The car was going about 25 or 30 miles an hour. As it continued north it didn't seem to slacken any as to speed. The motorcycle got into the intersection first."

Pete Schneider testified: "The back end of the motorcycle was four feet, I think, past the sidewalk into the intersection before the motor car came into the intersection. The motorcycle was going about 18 miles an hour."

John Stotz testified: "The automobile was going about 30 miles an hour."

Donald Jamieson, the plaintiff, testified: "As I approached State street I was driving about 18 to 20 miles an hour. At that time I observed the car coming from the south. It was about three-fourths of a block away. I figured I had plenty of time to make it and I kept on going straight east. When I saw this car I looked north and kept on going east and was past the center of the intersection when the collision took place—that is about as much as I know. I did not see the car directly before the colli-sion. After I saw the car coming up from the south I looked to the north. I did not look back again at the car and I kept on driving east at the same rate of speed I had been going, and I continued so to drive until the collision occurred. I did not slow up my car or put on the brakes or. endeavor to stop until the front end of the car was into the sidecar."

Accepting the above testimony as true and as the correct version of what actually happened at the time of the accident, we are forced to conclude that the plaintiff's neglect contributed as a cause of the collision. Upon the street and avenue on which this accident took place the maximum lawful rate of speed was twenty miles per hour. It might be, therefore, under the provisions of section 19, chapter 251, of the Session Laws of 1929 and the ordi-nance of the city of Aberdeen, introduced into evidence in this case, the plaintiff had the right of way at the intersection. Con-ceding, without deciding, that the plaintiff did, in fact, have the right of way, nevertheless this did not excuse him from the duty of exercising due care to avoid a collision.

"The mere fact that one vehicle has the right of way over another at a street or highway intersection does not relieve the driver of the vehicle thus favored from the duty of exercising due care to avoid collision at the intersection." Annotation, 37 A. L. R. 509, and the many cases there cited.

As shown by the above annotation, the above-announced prin-ciple is recognized through all the cases. This court in the case of Chiles v. Rohl, 47 S. D. 580, 201 N. W. 154, 155, speaking with reference to the right of way at an intersection, said: "The cab had the right of way over the intersection, but had the driver of the cab been keeping a proper lookout, and had his machine under control, he could have stopped or turned to the right or left and avoided the collision."

■ In this case we are forced to conclude that, had the driver of the motor cycle been keeping a proper lookout, he could have avoided this accident. His testimony is that he looked to the south and saw this car' coming, that he then looked to the north and saw no car coming from the north. However, he continued on at his prior rate of speed without again glancing to the south, and did not see the automobile until the instant of the collision. The evidence most favorable to plaintiff establishes as a fact that the greatest speed of the defendant's car was thirty miles an hour. This evidence also establishes that defendant was driving his motorcycle at a rate of speed from eighteen to twenty miles an hour. For these two cars to meet in a collision in the intersection while going at these rates of speed they must, of necessity, have been approaching this intersection very nearly at the same time. For the plaintiff to see this car approaching, then look to the north and see no car coming, then to proceed without again glancing to the south to observe this car which he had already noticed, does not, in our opinion, conform to that degree of care which is necessary for any reasonable man to observe when he is driving a motor vehicle and entering an intersection. These vehicles must of necessity have been approaching and entering the intersection at substantially the same time. The plaintiff's evidence as to the rate of speed of the vehicles permits no other conclusion. No car was coming from the north, and there was no danger of a collision from that source. Just why the plaintiff failed to observe this car until the time of the impact, after seeing it three-fourths of a block away, does not appear, but certainly his failure to do so does not meet his duty of exercising due care to avoid a collision.

The judgment and order appealed from are reversed, with instructions to enter judgment for defendant.

POLLEY, ROBERTS, and WARREN, JJ., concur.
CAMPBELL, J., absent and not sitting.