PFLEGER, Respondent, v. WILHELM, Appellant.

(274 N. W. 872)

(File No. 8023.   Opinion filed September 10, 1937)

*Max Royhl,* of Huron, for Appellant.

*Roy A. Nord,* of Faulkton, for Respondent.

RUDOLPH, P. J.   This action involves an automobile accident.   The evidence is in dispute, and the jury returned a verdict for the plaintiff.   The accident occurred about 6 o'clock in the evening of January 5, 1935.   Plaintiff testified that he was driving east from Faulkton in an old model T Ford car; that he was going about ten or twelve miles per hour; that his car lights were turned on; and that defendant drove his car into the rear of plaintiff's car while plaintiff was driving on his own right-hand side of the road. After a careful consideration of the entire record, we are satisfied that there was ample evidence produced by the plaintiff which, if believed by the jury, would justify the verdict it returned.

The court refused on motion of the defendant to strike certain testimony of the witness Howard Deuter. Mr. Deuter testified that he was a farmer living some miles east of Faulkton and along the road where the accident occurred; that on the evening in question between 5 and 6 o'clock he drove from his home into Faulkton.   He then testified as follows: "On my way to town I remember particularly one car I passed.   I had to pretty near take the ditch.   It was traveling fast I would say."

This testimony just quoted is that to which the motion to strike related, and the refusal of the court to strike this testimony is the principal assignment of error relied upon by appellant.   For the purposes of this opinion we may concede that the appellant's motion to strike properly presented the question here involved to the trial court and is sufficient upon which to present the question here.   It appears from Deuter's testimony that he remained in the town of Faulkton only a few minutes, after which he proceeded to drive east on this road over which he had just traveled, and arrived at the place where the accident occurred very shortly after its occurrence, only one other car having arrived at the scene of the accident prior to Deuter's arrival.   The probative value of this testimony is questionable.   However, conceding that this evidence was irrelevant and immaterial, we are convinced that it was not prejudicial to the rights of this defendant.   The prejudicial effect of this evidence, if any, would relate to the negligence of the defendant.   We are convinced, after a careful consideration of the record, however, that under either plaintiff's or defendant's version of this accident the negligence of the defendant is established.

Clearly under plaintiff's version of the manner in which this accident happened the defendant was negligent. Defendant's version of the accident is substantially as follows: Defendant first observed plaintiff's car as he came over a small hill in the road. Plaintiff's car started to move backwards just at the time defendant first observed it. Defendant testified: "Apparently the plaintiff's car started to move just about the time I noticed it." Defendant applied his brakes and tried "to go around it on the north side," but failed, and struck plaintiff's car when it was "approximately in the middle of the road." The sum and substance of this testimony is simply this, that after observing plaintiff's car, which was moving at the time defendant first saw it, defendant was driving at such a speed that he was unable to stop his car in time to avoid a collision. This constitutes negligence. In the exercise of due care, one must at all times see, or know from having seen, that the road is clear or apparently clear, and safe for travel, a sufficient distance ahead to make it apparently safe to advance at the speed employed. Taecker v. Pickus, 58 S. D. 177, 235 N. W. 504. The real issue in this case, so far as the jury was concerned, was the negligence or contributory negligence of the plaintiff. By its verdict the jury accepted plaintiff's version of the cause of the accident and thereby absolved plaintiff from any negligence. The evidence which defendant contends was irrelevant and prejudicial to him had no possible bearing upon the negligence or lack of negligence of the plaintiff, which was the only real issue for the jury in this case; its only possible effect would relate to the negligence of the defendant and, since defendant's negligence is established by all the evidence in this case, the admitted evidence could have no prejudicial effect upon this issue.

To reverse this case because of the admission of these few words of testimony which we are convinced had no effect on the jury's verdict would be making the law of evidence an end in itself rather than an end for the accomplishment of justice. Professor Wigmore in his work on Evidence (2d Edition), § 21, has made the following observation: "Just as English legislators, after yielding to the twenty years' pleading of Romilly, discovered after all that the enjoyment of the right of property in chattels could survive, without the fancied protection of the death-penalty for

larceny,—so we shall some day awake to be convinced that a system of necessary rules of Evidence can exist and be obeyed, without affixing indiscriminately to every contravention of them the monstrous penalty of a new trial."

Appellant contends that the verdict rendered by the jury is excessive. The jury returned a verdict of $2,187. Plaintiff·suffered a broken collarbone and lacerations about the head and face. He was in the hospital a week at one time and almost two weeks at a later time. It was necessary to rebreak and reset the collarbone. Plaintiff suffered a great deal of pain and lost a considerable amount of time from his work. Under these circumstances, we cannot hold that the verdict returned by the jury is excessive. We have carefully considered the other assignments of error and are satisfied that, if such assignments point out error, such error was without prejudice to the defendant. The case was carefully and fairly tried and submitted to the jury under instructions to which no exceptions were taken.

The judgment and order appealed from are affirmed.

ROBERTS, WARREN, and SMITH, JJ., concur.

POLLEY, J., not sitting.