ANDERSON, Respondent v. HUNTWORK, et al, Appellants

(284 N. W. 775.)

(File No. 8211. Opinion filed March 22, 1939.)

*Churchill & Benson,* of Huron, for Appellants.
*Max Royhl,* of Huron, for Respondent.

WARREN, P. J. Plaintiff brought this action to recover damages for the smashing, bending and destroying of plaintiff's automobile and for the loss of the use thereof as the result of a collision with the defendant Westling's truck at the street intersection of Beach Avenue, S. E., and Ninth Street, S. E., in the city

of Huron, South Dakota, which truck was driven by the defendant Huntwork. The case was submitted to the jury who found for the plaintiff. The defendants made timely motions for a directed verdict and presented a motion for a judgment notwithstanding the verdict for the reason that the undisputed evidence established the plaintiff's contributory negligence as a matter of law. It is our opinion that the motions should have been granted. We believe, therefore, that the entire case may be disposed of by considering only those matters charged in assignments as errors in overruling the appellants' motions.

This Court has dealt with the question of contributory negligence in a number of its cases but we realize that contributory negligence must be determined in the light of the particular facts of the case in which the question is raised. In the instant case, we are of the opinion that the evidence as a matter of law defeats the respondent's right of recovery. The evidence quite conclusively shows that the respondent failed to observe the ordinary rules of safety while approaching a street intersection with which he was familiar. The testimony shows that he lived in the vicinity and that he had driven upon this particular street for a long period of time. Respondent's testimony as to his knowledge of the intersection and what he did indicates that he was at fault and failed to protect himself or his property to avoid a collision with the truck approaching the intersection from the right. The evidence indicates that respondent was driving along without paying any attention to cars approaching the intersection, for had he looked he must necessarily have seen the on-coming car. Heberer v. Chicago, M., St. P., and P. R. Co., 59 S. D. 123, 238 N. W. 339.

In view of the fact that the jury returned a verdict for the respondent we accept the testimony of respondent's witnesses as to their version of what actually happened immediately before and at the time of this collision. We quote excerpts from testimony offered by respondent. J. L. Anderson testified in narrative: "I am plaintiff and reside one block east and a half block north of the intersection where the collision occurred. I first observed the defendant Huntwork and the delivery truck when I was right in the intersection. He was then 75 feet north of me. The truck was traveling 35 miles an hour and I 10 or 15 miles an hour. I traveled over that intersection two or three times a day and I have

done that more or less over the last seventeen years. As I approached Ninth Street toward Beach Avenue I looked to the right when I was about 10 or 15 feet east of the crosswalk. I could see quite a way up the street. I could see a block. My view was unobstructed. I could see the whole block. There was nothing to block my view there at all. That was at a point 10 or 15 feet east of the crosswalk. My brakes were in good shape. When I was 10 or 15 feet east of the east crosswalk across Ninth Street I looked to the right and did not see anything. I did not see any car in the block. I could see the whole block. When I first saw Huntwork I was approximately 10 feet from the center line of Beach Avenue."

We conclude from the testimony that had the respondent looked, he must have seen the truck in sufficient time to avoid the danger either by stopping or turning to the right or left. If he did look, he should have seen the truck, as the evidence demonstrates that the truck was within a block to his right and north of him. In Jamieson v. Gerth, 61 S. D. 514, 249 N. W. 921, this Court reviewed and cited authorities in support of its decision upon statements of facts. While the facts in that case are not identical yet they are parallel and the principles of law therein announced should be applied to the facts before us. In that case we said that had the driver of the motor cycle kept a proper look-out he could have avoided the accident and by his failure to observe the car and take proper precaution he did not meet his duty of exercising due care to avoid a collision.

The respondent's own testimony establishes a fact situation from which, as a matter of law, it must be concluded that he was guilty of contributory negligence as he did not keep a proper look-out and have his machine under such control that he could have stopped or turned to the right or left to avoid a collision. Chiles v. Rohl, 47 S. D. 580, 201 N. W. 154.

We have examined the authorities presented by respondent and are of the opinion that under the peculiar and particular facts of this case they are not controlling. On the other hand, the authorities which we have cited are based upon legal principles more peculiarly fitting to the facts before us and are therefore decisive of the issues involved.

The order and judgment appealed from are reversed with instructions to enter judgment in favor of appellants.

POLLEY and RUDOLPH, JJ., concur.

ROBERTS and SMITH, JJ., concur in result.