ROWAN, Appellant, v. BECKER, Respondent

(41 N. W.2d 836)

(File No. 9076. Opinion filed March 17, 1950)

**Van Slyke, Agor & Bantz,** Aberdeen, for Plaintiff and Appellant.

**Martens & Goldsmith** and **Warren W. May,** Pierre, for Defendant and Respondent.

BECK, Circuit Judge. The appellant instituted this action to recover from the respondent alleged damages occasioned by a collision of his automobile with one driven by the respondent. The collision in question occurred on the 31st day of May, 1946, at an intersection of two public highways about one-half mile west of the town of Agar, in Sully County, South Dakota. Appellant grounds his cause of action upon alleged negligence on the part of the respondent.

The respondent included in his answer a counterclaim under which he claimed damages from appellant by reason of the said collision. The trial court directed a verdict in favor of appellant and against the respondent as to all issues involved in and presented by such counterclaim, upon the theory that any negligence upon the part of the driver of appellant's car could not be attributed to appellant, who was not present at the time of the accident. The case was submitted to a jury as to the issues arising under appellant's complaint, and a verdict returned in favor of the respondent. An appeal was taken from the judgment entered upon said verdict.

Briefly, the pertinent facts involved in this action, as established by the record, may be summarized as follows: The appellant is a resident of the city of Chicago, Illinois, where he is engaged in business. In the latter part of May 1946, he loaned his automobile, a 1940 DeSoto four door sedan, to his brother-in-law, one Dale Menser, also of Chicago, for the express purpose of making a wedding trip to Colorado and other points in the middle west. The loan of this car for such purpose was in the nature of a wedding present.

On the morning of May 31, 1946, with his wife and a friend as passengers, all sitting in the front seat, the said Dale Menser, while driving appellant's car in a southerly direction along U.S. Highway No. 83, at a point about one-half mile west of the town of Agar, in Sully County, and at a point where Highway No. 83 crosses a county graveled road running westward from the said town of Agar, collided with an automobile driven by the respondent. Both cars were badly damaged. The collision occurred to the west, or largely to the west of the center of Highway No. 83.

At the intersection of the two highways, above adverted to, and at the place where the accident occurred, the east and west road curves to the north and to the south and forms junctions with Highway No. 83, with a lane of travel in the center of the intersection to accommodate travelers intending to cross Highway No. 83 and proceed westward. This is a large intersection with a general width of approximately 100 feet, comparatively level and graveled.

There was a stop sign on the curved lane to the north where the county road joined Highway No. 83 and also one on the south lane before it formed a junction with such highway. Both signs were plainly visible to one approaching No. 83 from the east. There was a signpost along the lane passing directly westward, but the sign was not on the post at the time of the accident. Highway No. 83 had been established as an arterial highway under the provisions of SDC 44.0321. Respondent lived about eleven miles west of the town of Agar. He frequently traveled both highways in question and was familiar with said highways and the

intersection where the accident occurred. Highway No. 83 was a black top road thirty-two feet wide. The county road running east and west was a graveled highway with a road-bed twenty-four feet wide. The day the accident occurred was bright and clear. Both drivers had an unobstructed view of the intersection and road crossing. The view to the north was unobstructed for at least a mile.

At the time of the accident Menser was driving appellant's car at a speed of not less than fifty miles an hour, probably a great deal faster than that. He applied his brakes about eighty feet north of the point of impact and slid his wheels but could not stop in time to avoid the accident. He had ample room to pass to the east of the respondent's car if he had had proper control of the car he was driving. According to respondent's own testimony he drove upon this arterial highway without stopping or keeping a proper lookout for on-coming cars. He entered upon Highway No. 83 at a speed of from twenty to twenty-five miles an hour, according to the testimony of some of the witnesses. He himself testified that he was traveling from eight to ten miles an hour. As a result of the accident respondent pleaded guilty to reckless driving and paid a small fine.

Appellant's car struck the rear right side of the respondent's car. It was the right front end of the Menser car that came in contact with the other car.

Appellant's car was badly damaged. He seeks to recover for the damage to his car, and certain special items of damage pleaded as a part of his cause of action.

By various assignments of error the appellant has raised three propositions for our consideration:

1. That the trial court admitted incompetent evidence.

2. The court erred in denying appellant's motion for a directed verdict.

3. The trial court erroneously instructed the jury.

■ It is conceded by counsel in their briefs that the negligence of Dale Menser, the driver of appellant's car, cannot be imputed to appellant. By instruction No. 11 the trial court instructed the jury as follows: "You are further instructed that in view of the fact that the plaintiff merely

loaned his 1940 DeSoto automobile to Dale Menser there can be no issue of contributory negligence on the part of the plaintiff in this case." This instruction was not excepted to and became the law of the case. Under this record it must be conclusively assumed that, for the purpose of this case, any negligence on the part of Dale Menser is not chargeable against appellant, and we are not required to pass upon the question of whether or not the negligence of a bailee may be imputed to the bailor.

■ ■ The trial court admitted in evidence Exhibit D, being a drawing or chart of the highway intersection in question, and purporting to show the location of the two damaged cars after the accident, as well as the geography of the intersection in question. This exhibit was prepared by the witness Sheppard, a State Highway Patrolman, and was based largely upon information reflected by a report filed with the State Division of Motor Patrol. The original report was not offered in evidence. The foundation for this exhibit was incomplete and it should not have been received in evidence over objection as to its competency. However, two disinterested witnesses testified to the exact location of the two damaged cars upon the highway immediately after the accident; so the admission of this exhibit in evidence was error without prejudice.

The appellant moved for a directed verdict in his favor upon all the issues, except the amount of his damages. We think the motion was sufficiently comprehensive to invoke the law of concurrent negligence, as applied to the drivers of both the cars involved in the accident in question. This motion is grounded in part upon the inherent averment that if the concurring joint negligence of Dale Menser and respondent was the proximate cause of the accident and resulting damage, the appellant may recover from such tort-feasors in an action against them, either jointly or severally.

■ ■ In Krumvieda v. Hammond, 71 S.D. 544, 27 N. W.2d 583, 585, the rule is again stated "that when an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident

and both are answerable." See also Husky Refining Co. v. Barnes, 119 F.2d 715, 716, 134 A.L.R. 1221, wherein it is written: "Where the independent tortious acts of two persons combine to produce an injury indivisible in its nature, either tort-feasor may be held for the entire damage—not because he is responsible for the act of the other, but because his own act is regarded in law as a cause of the injury." We think the quoted rules are settled law and decisive here.

Under this record but little importance can be attached to the absence of one stop sign on the east side of the highway where the accident occurred. The respondent lived in the immediate vicinity of the town of Agar. He knew that Highway No. 83 was a designated arterial highway. There were at least two stop signs on the intersection to the east of the highway crossing plainly visible to travelers approaching said crossing from the east. He had ample notice that he was approaching an arterial highway.

■ Respondent was guilty of negligence, as a matter of law, in failing to stop before entering upon said arterial highway, and in failing to keep a proper outlook for oncoming cars. Stacey v. Patzloff, 67 S.D. 503, 295 N.W. 287; Anderson v. Huntwork, 66 S.D. 411, 284 N.W. 775; McKiver v. Theo. Hamm Brewing Co., 67 S.D. 613, 297 N.W. 445; Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786; Robertson v. Hennrich, 72 S.D. 37, 29 N.W.2d 329.

■ It may be inferred from this record that Dale Menser was also guilty of negligence in driving appellant's car at an excessive rate of speed and failing to have such car under proper control. Chiles v. Rohl, 47 S.D. 580, 201 N.W. 154; Jamieson v. Gerth, 61 S.D. 514, 249 N.W. 921; Pfleger v. Wilhelm, 65 S.D. 464, 274 N.W. 872; Annotation 37 A.L.R. 509.

■ We are satisfied, under this record, that the respondent was guilty of negligence as a matter of law; and that such negligence was at least one of the proximate contributing causes of the accident in question, and under the rule of law hereinbefore stated respondent is liable to appellant for the damages the latter sustained. The court

erred in denying the motion for a directed verdict upon all the issues except the amount of appellant's damages.

Since we have reached the conclusion that the trial court erred in not sustaining appellant's motion for a directed verdict, the matter of instructions is of little concern under this record.

■ ■ This case does not involve liquidated damages. The proof of damages rests largely upon opinion evidence. Such evidence was to some degree weakened by cross-examination. The jurors were the sole judges of the credibility of the witnesses. They were not bound to accept the testimony of appellant's witnesses as absolutely true. The question as to the amount of damages sustained presents strictly a jury question. The trial court properly denied the motion for judgment notwithstanding the verdict.

The judgment is reversed and a new trial granted.

All the Judges concur.

BECK, Circuit Judge, sitting for ROBERTS, J., disqualified.