STACEY, Appellant, v. PATZLOFF, Respondent

(295 N. W. 287.)

(File No. 8325. Opinion filed December 6, 1940.)

Rehearing Denied January 9, 1941.

**Danforth & Seacat,** of Alexandria, for Appellant.

**Morgan & Whiting** and **H. T. Fuller,** all of Mitchell, and **Frank Vincent,** of Alexandria, for Respondent.

RUDOLPH, J. This action involves a collision at a highway intersection. The negligence of the defendant stands admitted and the only question is the contributory negligence of the plaintiff. After a trial the jury returned a verdict for the plaintiff which upon the motion of the defendant was set aside and the trial court entered judgment for defendant notwithstanding the verdict. Plaintiff has appealed.

The evidence most favorable to the plaintiff discloses the following facts: Plaintiff was driving north on a graveled county highway, and defendant was driving west on a graveled township highway. Neither highway was an arterial highway under the provisions of SDC 28.0902. Plaintiff's view of the intersecting highway, as he approached the place of collision, was unobstructed. Plaintiff was driving his car at approximately thirty-five miles per hour, and testified that the defendant was driving at approximately fifty miles per hour. Plaintiff further testified that, as he approached this intersection, he was looking to the east but failed to observe defendant's car approaching from the east until plaintiff was entering the intersection. We quote the pertinent parts of plaintiff's testimony.

"Q. When you approached this intersection did you look to the east to see if there were any cars approaching on that side road? A. I did.

"Q. Did you look when you were within fifty feet of that intersection? A. Yes, sir.

"Q. How far could you see out that road when you were within fifty feet of the intersection looking to the east? A. I would think around two or three hundred feet.

"Q. As you approached this intersection you were looking, were you not, at all times, to the east? A. Yes, sir.

"Q. When did you first see this car of Mr. Patzloff's? A. As I was entering the intersection.

"Q. Where was it? A. I would say a hundred feet or more down the road.

"Q. To the east? A. Yes, sir.

"Q. How fast was it going, if you know? A. It would be just an estimate, but I would think around fifty miles an hour.

"Q. What, if anything, did you do at that time? A. I stepped on the gas to try and get out of his way."

The collision occurred in the northwest quarter of the intersection at a point approximately four feet north and ten feet west of the center of the intersection. Plaintiff's car was struck on the rear bumper.

Appellant contends that the above facts bring this case within the rule announced in the case of Campbell v. Jackson et al., 65 S. D. 154, 272 N. W. 293, 295. We are unable to agree with this contention. The facts in that case disclose that both plaintiff and defendant were approaching the intersection at moderate rates of speed. The plaintiff observed defendant approaching the intersection at a time when "nothing would have been gained by earlier observation." The plaintiff had the right of way under the provisions of Chapter 251, Laws of 1929, Section 19, (now SDC 44.0318). Under the facts presented it was within the province of the jury to find that it did not become apparent to plaintiff that defendant would not yield the right of way until such time as an emergency was created; and it was further within the province of the jury to find, under the facts there presented, that plaintiff acted as a reasonable man would act in the face of the emergency. It should be noted that the evidence was sufficient to support a finding by the jury that the emergency was not precipitated by any negligence of the plaintiff. The plaintiff saw defendant approaching at a moderate rate of speed and was entitled to rely upon his right of way under the statute; the emergency

was created by the defendant's failure to yield that right of way at a time when the only course of action left to the plaintiff was to act as his best judgment dictated under the emergency which the defendant had created.

■■ The plaintiff in the present case did not, under the statute, have the right of way over the defendant approaching from plaintiff's right. Even conceding that defendant, because of an unlawful speed, had forfeited his right of way, this fact would not confer the right of way upon plaintiff. Plaintiff's plain duty as he approached this intersection was to keep a lookout for approaching vehicles. The view at the intersection was unobstructed, and, if plaintiff looked, as he said he did, at a point fifty feet to the south of the intersection, he should have seen defendant approaching the intersection from his right. Under the facts presented by this record, his failure to see the defendant must be held to constitute negligence. Had plaintiff, at a point fifty feet before entering the intersection, observed defendant approaching from his right at a speed of fifty miles an hour, plaintiff could and should have acted for his own safety. Certainly, had plaintiff seen defendant approaching at this point, and then continued on into the intersection in the direct path of the oncoming car without any precaution for his own safety, his failure to act would constitute negligence. Plaintiff contends that having first observed defendant as plaintiff was entering the intersection, he was confronted with an emergency and that it was within the province of the jury to find that he acted reasonably in the face of this emergency. If plaintiff was confronted with an emergency it was caused by his own negligence in failing to observe defendant before an emergency existed. "Where the situation of peril arises because of the driver's own negligence, the emergency rule cannot be invoked in his behalf." 5 Am. Jur., Automobiles, § 171.

■ Appellant makes some contention regarding the disclosure in the record that traffic on the county road, on which he was traveling, was heavier than on the township road and this was known to defendant. This fact might have some bearing on defendant's negligence, but we need

not so decide because defendant's negligence is not in issue. Certainly the relative amount of traffic on these roads would not relieve plaintiff of his duty to keep a lookout for cars approaching on an intersecting highway.

The learned trial court properly entered the judgment notwithstanding the verdict. Cf., Jamieson v. Gerth, 61 S. D. 514, 249 N. W. 921; Anderson v. Huntwork et al., 66 S. D. 411, 284 N. W. 775.

The judgment appealed from is affirmed.

All the Judges concur.