MILLS, et al, Respondents v. ARMSTRONG, Appellant

(13 N. W.2d 726.)

(File No. 8668.   Opinion filed March 22, 1944.)

**Davenport, Evans & Hurwitz**, of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Fuller**, of Sioux Falls, for Respondents.

RUDOLPH, J. This action involves an automobile collision at intersecting streets in the city of Sioux Falls. Plaintiffs are the owners of motor buses operated in Sioux Falls. The collision occurred between one of plaintiffs' motor buses and a car operated by the defendant. Plaintiffs sought to recover damages to the motor bus resulting from the collision and the defendant filed a counterclaim wherein he sought to recover from the plaintiffs the damages which he sustained. The jury returned a verdict in favor of the defendant upon his counterclaim. Upon plaintiffs' motion for judgment notwithstanding the verdict, the court set aside the verdict of the jury and entered judgment dismissing both the complaint of the plaintiffs and the counterclaim of the defendant. The defendant has appealed from this judgment.

The jury having returned a verdict in favor of the defendant, the facts must be reviewed in the light most favorable to that verdict. Under the motion for judgment notwithstanding the verdict, only the question of the contributory negligence of the defendant is at issue in this appeal. On this issue the facts most favorable to the defendant disclose the following:

The accident occurred about 10 A. M. on Sunday, March 14, 1943. The day was clear and the pavement upon which the accident occurred was dry. Plaintiffs' bus was being

driven north on Prairie Avenue, which is a paved street thirty-eight feet two inches wide from curb to curb. Defendant was driving eastward on Second Street toward Prairie Avenue. The view at the intersection was unobstructed. As defendant approached Prairie Avenue he was driving on his right hand side of Second Street. At a point twenty feet before reaching Prairie Avenue defendant looked to his right and observed the bus approaching on Prairie Avenue at a point one hundred fifty feet south of the intersection. Defendant testified that at this point he was driving his car approximately twenty miles per hour but that he was slowing down to enter the intersection. Defendant testified that, after seeing the bus at this point approximately one hundred fifty feet south of the intersection when he was only twenty feet from the intersection, he thought he had ample time to cross the intersection ahead of the bus. As defendant proceeded on and into the intersection he looked to his left and observed no cars in close proximity coming from that direction; he then looked again for the bus which he had formerly seen and observed the bus approximately forty feet away coming toward him at a speed which he estimated approximately thirty-five miles per hour. By this time defendant had proceeded into the intersection to the extent that the front wheels of his car reached "nearly to the center." The collision followed at a point when the rear wheels of defendant's car had just crossed the center line of the intersection. Defendant's car was struck on the right side by the left front end of the bus. Following the collision the bus went in a northeast direction across the intersection, struck and broke an electric light pole, eleven inches in diameter, at the northeast corner of the intersection, then continued on approximately fifteen feet and struck and broke a water hydrant. After being struck the defendant's car veered to the left and was stopped at a point somewhat north of the bus.

Plaintiffs contend that certain decisions of this court are controlling in support of the judgment entered by the trial court. Plaintiffs first cite and principally rely upon

the case of Jamieson v. Gerth, 61 S. D. 514, 249 N. W. 921. In that case plaintiff testified that he observed the defendant's car when it was three-fourths of a block away from the intersection. It appeared from the relative speeds of plaintiff's motor cycle and defendant's car that these two vehicles were approaching the intersection at approximately the same time. However, after observing the defendant's car the plaintiff did not again look for the car but looked in the opposite direction, observed no cars were coming and then failed to again observe defendant's car until the instant of the collision. We think it clear that this Gerth case is not controlling under the present facts which disclose that defendant at a point twenty feet from the intersection observed the bus one hundred fifty feet from the intersection. At the time of this observation, the bus was more than seven times as far from the intersection as was the car of defendant. Defendant continued on and looked to the north. If this observation to the north took only a second of time, defendant would have traveled approximately thirty feet at twenty miles per hour, or ten feet into the intersection. He testified that before reaching the center of the intersection or when his front wheels were approximately at the center that he again looked for the bus and discovered it bearing down upon him at a distance of approximately forty feet. Obviously, this testimony differentiates this case from the Gerth case and we are of the opinion that case is not controlling. The plaintiffs also cite and rely upon the cases of Anderson v. Huntwork et al., 66 S. D. 411, 284 N. W. 775 and Stacey v. Patzloff, 67 S. D. 503, 295 N. W. 287, but in each of these cases the evidence disclosed that the plaintiff either failed to look for approaching cars or if he did look that he failed to see that which should have been apparent. The case of Friese v. Gulbrandsen et al., 69 S. D. 179, 8 N. W.2d 438, involved excessive speed when approaching an intersection where the view was obstructed and is not applicable to the present facts.

Under the findings of the jury it must be assumed that the driver of the bus as he approached this intersection

was traveling at an unlawful speed and under the provisions of SDC 44.0318 had forfeited any right of way which he might otherwise have had. However, the excessive speed of the bus did not confer upon this defendant the right of way at this intersection. Stacey v. Patzloff, supra. It might be, under the decisions of some courts considering right of way statutes similar to SDC 44.0318, that, due to the relative distances of the car and the bus as they approached this intersection, the car had the right of way. But we need not so determine in this case. We may assume that the defendant as he aproached this intersection did not have the right of way. Even so assuming, we are unable to hold, under this evidence, as a matter of law, that a reasonable man would not have acted in the same manner as the defendant. It is generally held, as stated in 21 A. L. R. 983, that, "if a traveler not having a right of precedence at a street intersection comes to a crossing and finds no one approaching it upon the other street within such distance as reasonably to indicate danger of interference or collision, he is under no obligation to stop or to wait, but may proceed to use such crossing as a matter of right." See also Annotations 37 A. L. R. 502, 47 A. L. R. 603 and 136 A. L. R. 1497. At the point defendant observed plaintiffs' bus, it was seven times as far from the intersection as was defendant. Defendant testified that at this point he observed nothing to indicate that the bus was being driven at an unlawful rate of speed. In view of the angle at which defendant observed this bus, we cannot hold his failure to observe excessive speed as being negligent. Defendant then looked to the left, observed no approaching car, and immediately looked again for the bus, which was then bearing down upon him at such distance that he had no time to avoid the collision.

It thus appears that defendant did not fail to look for or see the approaching bus. As defendant saw the bus it was seven times as far from the intersection as was his car. He thought he had ample time to cross the intersection ahead of the bus. Under these circumstances we cannot hold that reasonable men could not differ as to whether defendant's

conduct conformed to that of a reasonable man under like circumstances. See Ulrikson v. C., M. St. Paul & P. Ry., 64 S. D. 476, 268 N. W. 369.

■ Respondent contends that the evidence discloses the bus was being driven at thirty-five miles per hour, and at this speed it was physically impossible for the bus to travel more than one hundred fifty feet to the point of collision after being observed by defendant, while defendant was traveling some forty-five feet at twenty miles per hour from the point he observed the bus to the point of collision. Respondent contends, therefore, that defendant was not correctly stating the facts when he testified the bus was one hundred fifty feet from the intersection when first observed. In the first place we do not believe the jury was bound to find the bus was going no faster than thirty-five miles per hour as it approached this intersection. The actions of the bus following the collision indicate an excessive speed. The testimony of the defendant as to the thirty-five miles per hour speed was only an estimate and related to a time when, according to the testimony of the bus driver, the brakes had been applied to the bus. Neither was the jury bound to believe that the defendant was traveling as fast as twenty miles an hour as he had testified that he was slowing down for the intersection. Obviously, the testimony relating to speed was an estimate, which was not intended to bring the two cars together as a mathematical certainty at a given point. Under the testimony as presented, had one car been traveling somewhat faster than the estimate or the other car somewhat slower, the collision would have occurred had the cars been approaching the intersection at approximately the relative distances testified to by the defendant. And in our opinion, a finding by the jury of a speed of the bus somewhat greater than thirty-five miles per hour, or of the defendant at somewhat less than twenty miles per hour, would not convert this issue into one of law where the court should say that reasonable men could not differ on the question of defendant's conduct. We are of the opinion, therefore, that it was within the province of the jury

to determine whether the defendant was negligent. The judgment notwithstanding the verdict was entered on the basis that the defendant was negligent as a matter of law, and it follows that the judgment must be set aside.

The judgment of the trial court is reversed with directions to enter a judgment based on the verdict of the jury.

All the Judges concur.