GROSZ, Appellant v. GROTH et ux., Respondents

(102 N.W.2d 834)

(File No. 9790. Opinion filed May 5, 1960)

Rehearing denied June 8, 1960.

**Shandorf & Slocum**, Mitchell, for Plaintiff and Appellant.

**Morgan & Fuller**, Mitchell, for Defendants and Respondents.

SMITH, J.   This litigation arose out of a collision of motor vehicles at an intersection of country roads. Under instructions not presented for review, the jury returned a verdict for plaintiff. Predicated upon a motion for a directed verdict, and a subsequent motion for judgment n. o. v., the trial court entered judgment for defendant. Plaintiff has appealed. The ultimate question for decision is whether the manifest negligence of plaintiff was a substantial factor in bringing about the harm he suffered.

Plaintiff was driving north on a through highway protected from cross traffic by stop signs. Cf. SDC 44.0321 as amended by Ch. 220, Laws 1957. Defendant Ole Groth, while acting for his wife, defendant Marie Groth, was driving east on the intersecting highway. The intersection of these highways occupies higher ground than that of the highways to the west and to the south; hence both vehicles were traveling up gradual slopes as they approached the point of collision. It was a clear December afternoon, and the gravel roads were smooth and dry, and there was little between the two roadways to obscure vision except some uncut weeds and a small mound of dirt located 75 to 90 feet west of the intersection along the south side of the intersecting highway. The stop sign was located on the south side of the intersecting highway about 15 feet from the intersection. Both parties had become thoroughly familiar with these highways through frequent use.

As the defendant Groth reached a point about 40 rods west of the intersection he cut his motor, but continued upgrade in high. His motor was laboring as he approached the stop sign and the intersection, and he estimated his then speed at a little less than 20 miles per hour. He had peered along a draw to the south back about 200 feet from the

intersection but saw no traffic. He admitted that his view was somewhat obscured by the mound of dirt and the weeds as he traveled the last 100 feet, but he looked, saw no traffic, and proceeded to drive into the intersection without stopping. Out of the corner of his eye, he saw plaintiff coming from the south just as he was crossing the intersection. He applied his brakes but could not stop in time to avoid the collission and the left front of his car came into collision with the extreme rear of plaintiff's pickup truck.

Plaintiff, who was engaged in the business of well drilling, had just passed along the through highway from the north and had lost a pump rod he had loaded on his truck. At the time of the collision he was retracing his course looking for that pump rod. Travelling at slightly more than 50 miles per hour, he and his employee, who was riding with him, were so intent upon searching the the surface of the road for the lost rod that neither of them saw the approaching car of defendants. They were awakened to its presence by the collision, "I would say I was at least going or just about over the half of the intersection when there was a bang." The inference is impelled that plaintiff approached, drove into and through this intersection at a speed of at least 50 miles per hour without observing whether traffic was approaching from the west.

We assume that defendant Groth was negligent in entering the intersection without stopping, and consider whether plaintiff was guilty of contributory negligence as a matter of law.

"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm." Restatement, Torts, § 463.

Although as a traveler on the through highway plaintiff had a right to assume that cross traffic would

come to a stop before entering the intersection he was approaching, he was not entitled to rely blindly on that assumption; his duty to exercise care appropriate to the circumstances required that he make timely observation of the crossroad for oncoming traffic. McKiver v. Theo. Hamm Brewing Co., 67 S.D. 613, 297 N.W. 445; Kundert v. B.F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786; Robertson v. Hennrich, 72 S.D. 37, 29 N.W.2d 329; Alborn v. Arms, 74 S.D. 277, 52 N.W.2d 101; 5A Am.Jur., Automobiles and Highway Traffic, § 323. In driving through this intersection at a speed of at least 50 miles an hour while assuming blindly that cross traffic would stop and yield him the right of way, we hold as a matter of law that plaintiff was guilty of negligence more than slight. Cf. Kundert v. B. F. Goodrich Co., supra. The question remains whether it can be said as a matter of law that such negligence was a legally contributing cause of the harm he suffered.

'The plaintiff's negligent exposure of himself to danger or his failure to exercise reasonable care for his own protection is a legally contributing cause of his harm if, but only if, it is a substantial factor in bringing about his harm * * *." Restatement, Torts, § 465.

If the same harm would have been sustained by plaintiff if he had been exercising reasonable care as he approached the intersection, it could not be said that the negligence in question was a substantial factor operating with the negligence of defendant in bringing about that harm. Restatement, Torts, § 465 and § 432 Comment b.

■ The facts would not support a conclusion that plaintiff was negligent in proceeding at a speed of slightly more than 50 miles an hour over this through country highway, if he had exercised due care in keeping a reasonable lookout for cross traffic. Had such observations to the west been made, he would have discovered defendant Groth approaching at a very reasonable speed. Not until defendant reached the vicinity of the stop sign would it have been clearly apparent that he did not intend to stop and yield the right of way, and not until that fact became apparent

to plaintiff, or should have been apparent to him, would he have been bound to act in self-protection. Campbell v. Jackson, 65 S.D. 154, 272 N.W. 293. Looking back at the event, because plaintiff failed only by a little in passing through the intersection ahead of defendant, it might seem reasonable to infer that after his peril became apparent he could have increased his speed and thus have avoided harm. However, looking toward the event, as we must, because of the uncertainties involved, such as the time when plaintiff could have discovered his plight, the position of the two vehicles at that moment, and the seconds which may have been available to him in which to react to his situation, whether, by the exercise of reasonable care, he could have succeeded in extricating himself is something about which reasonable minds acting reasonably might differ. Hence, according to well-settled principles, we conclude that whether plaintiff's negligence was a substantial factor in bringing about the harm plaintiff suffered presents a jury question.

It follows that we are of the opinion the trial court erred in entering judgment n.o.v. for defendant.

The judgment of the trial court is reversed and the cause remanded with directions that the verdict of the jury be reinstated.

ROBERTS, P. J., and RENTTO, J., concur.

HANSON and BIEGELMEIER, JJ., concur in result.

HANSON and BIEGELMEIER, Judges (concurring in result).

We are unable to concur in the following conclusion in the majority opinion of the court: "In driving through this intersection at a speed of at least 50 miles an hour while assuming blindly that cross traffic would stop and yield him the right of way, we hold as a matter of law that plaintiff was guilty of negligence more than slight." It is our opinion that under all the facts the question whether plaintiff's negligence was more that slight was for the jury under our comparative negligence statute, SDC Supp. 47.0304-1. We concur, however, in the result.