BOGH, Respondent v. BEADLES et al., Appellants

(107 N.W.2d 342)

(File No. 9820. Opinion filed February 1, 1961)

Rehearing denied May 19, 1961.

**Royhl, Benson & Beach,** Huron, for Defendants and Appellants.

**Keith B. Anderson,** Huron, for Plaintiff and Respondent.

ROBERTS, J. This action for property damage arose out of an intersection collision between an automobile owned and operated by plaintiff and an automobile owned by defendant Fred Beadles and driven by his son, defendant Leon Beadles. The defendants denied negligence, alleged contributory negligence on the part of the plaintiff and defendant Fred Beadles sought by counterclaim to recover judgment for damages caused to his automobile. The cause was tried to a jury and there was a verdict for the plaintiff against defendant Leon Beadles. Defendants appeal.

The accident occurred at the intersection of Fourth Street and Illinois Avenue in the City of Huron shortly after midnight on October 6, 1957. Neither street was an arterial highway and there were no signal lights or stop signs. Illinois Avenue is about fifty feet in width and the other street forty feet in width measuring from curb to curb. Plaintiff, thirty-two years of age, was driving his car west on Fourth Street. Leon Beadles, then fifteen years of age,

was driving south on Illinois Avenue. The weather was clear and the streets were dry. Plaintiff approached the intersection on defendant's left. The cars collided in the northwest quadrant, each car having proceeded to the point of impact on its own side of the street. The Beadles car struck plaintiff's car on the right rear door and fender. Plaintiff's car spun around facing east and stopped near the north curb west of the intersection. The other car came to rest southwest of the point of impact.

The first paragraph of SDC 1960 Supp. 44.0318 relating to the right of way upon approaching an intersection provides: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right * * *. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder." This is likewise the language of Section 16.0129 of the Revised Ordinances of the City of Huron.

Defendants contend that plaintiff as a matter of law was guilty of contributory negligence more than slight barring his recovery. Motion to dismiss the action as to defendant Fred Beadles was granted upon the ground that negligence, if any, on the part of his son was not imputable to him. Motions for directed verdict and judgment notwithstanding the verdict on the counterclaim were denied. Defendant Fred Beadles presents as error the ruling on these motions.

The issue of negligence or contributory negligence is ordinarily for the jury and it is only where the facts are not in dispute or of such nature that reasonable men could not differ that such issue becomes one for the court. Dwyer v. Christensen, 76 S.D. 201, 75 N.W.2d 650, 56 A.L.R.2d 734.

The right of way rule does not invariably give the driver on the right the unlimited privilege of approach and entry into an intersection. Smith v. Aspaas, 71 S.D. 111, 21 N.W.2d 878. The right is forfeited if the driver in such po-

sition is driving at an unlawful rate of speed. Defendant admitted that in the block north of the intersection he accelerated his speed from fifteen to thirty or thirty-five miles per hour and that he did not see plaintiff's car until it was directly in front of him. The city ordinance here applicable provided that any speed in excess of twenty miles per hour was unlawful.

Plaintiff's evidence is that he was driving at a speed of twenty miles per hour until he was about a half block away from the intersection. A slowly moving car signaling for a left turn preceded him into the intersection. When he was about two car lengths or twenty feet to the east of the east crosswalk of the intersection, plaintiff driving at a speed of four miles per hour looked to the north and saw the headlights of the Beadles car then approaching about a half block away. The block to the north of the intersection is 350 feet long. Looking to the south, plaintiff proceeded forward, accelerated his speed as he approached the east crosswalk and attained a speed of fifteen miles per hour when the front wheels of his car were approximately on the center line of the intersection. He estimated the speed of the Beadles car immediately prior to the impact at fifty miles per hour.

The case of Mills v. Armstrong, 70 S.D. 1, 13 N.W.2d 726, 727, is analogous. Defendant motorist in that case approaching an intersection at the left of plaintiffs' bus was twenty feet from the intersection when he saw the bus approaching 150 feet therefrom. The jury returned a verdict in favor of the defendant upon his counterclaim. This court denying the contention that defendant was guilty of contributory negligence as a matter of law said: "We may assume that the defendant as he approached this intersection did not have the right of way. Even so assuming, we are unable to hold, under this evidence, as a matter of law, that a reasonable man would not have acted in the same manner as the defendant. It is generally held, as stated in 21 A.L.R. 983, that 'if a traveler not having a right of precedence at a street intersection comes to a crossing and finds no one approaching it upon the other street within such distance as reason-

ably to indicate danger of interference or collision, he is under no obligation to stop or to wait, but may proceed to use such crossing as a matter of right.' * * * At the point defendant observed plaintiffs' bus, it was seven times as far from the intersection as was defendant. Defendant testified that at this point he observed nothing to indicate that the bus was being driven at an unlawful rate of speed. In view of the angle at which defendant observed this bus, we cannot hold his failure to observe excessive speed as being negligent. Defendant then looked to the left, observed no approaching car, and immediately looked again for the bus, which was then bearing down upon him at such distance that he had no time to avoid the collision." As we also stated in Fester v. George, 71 S.D. 424, 25 N.W.2d 455, 457, "We have concluded that the facts viewed in the light most favorable to plaintiff present some basis for reasonable men to differ as to whether plaintiff's conduct conformed to that of an ordinarily prudent person under like circumstances. According to the testimony of plaintiff's wife the defendant increased his speed substantially as he approached the point of collision. Plaintiff was not bound to anticipate such action. As stated by the late Judge Cardozo in the case of Ward v. Clark, 232 N.Y. 195, 133 N.E. 443, '* * * With the plaintiff's car 40 feet away, and the defendant's eighty, there appeared to be sufficient clearance. So, at least, a reasonable man might not unreasonably believe. Sudden acceleration of the defendant's speed was not to be foreseen.' "

■■ Defendants cite Jamieson v. Gerth, 61 S.D. 514, 249 N.W. 921, Anderson v. Huntwork, 66 S.D. 411, 284 N.W. 775, and Stacey v. Patzloff, 67 S.D. 503, 295 N.W. 287, in support of their contentions, but none of these cases would justify a finding of contributory negligence as a matter of law under the facts of the instant case. We adhere to the rule therein expressed that a person is guilty of contributory negligence as a matter of law if he failed at an intersection to look for approaching cars or if he looked and failed to act prudently even though the other driver had forfeited his right of way because of unlawful speed. Defendants contend that plain-

tiff did not look effectively, that when he first observed the headlights of defendant's car he did not know and could not estimate its speed and could not reasonably conclude that he could safely cross the intersection. Estimates of speed, distance and time by occupants of moving vehicles are approximations which involve many factors and are not generally of controlling consideration before this court on the question whether a plaintiff was contributorily negligent as a matter of law. Fester v. George, supra. Plaintiff was not required to foresee defendant's sudden acceleration and unlawful rate of speed when approaching the intersection. We think the case was for the jury.

Judgment appealed from is affirmed.

All the Judges concur.