SMITH, Respondent v. GUNDERSON, Appellant

(190 N.W.2d 841)

(File No. 10921. Opinion filed October 14, 1971)

Rehearing denied November 5, 1971

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for defendant and appellant.

**Brady, Kabeiseman, Light & Reade, Gerald L. Reade,** Yankton, for plaintiff and respondent.

HANSON, Judge.

This action for damages involves an intersectional collision of automobiles. The issues were tried to the court which entered findings favorable to the plaintiff, Elaine G. Smith, and granted her a judgment in the amount of $32,000. The defendant appeals.

The accident occurred shortly before noon on July 31, 1968, at the intersection of Walnut and 21st Streets in the City of Yankton. Walnut Street runs north and south and is 33 feet wide. 21st Street runs east and west and is 41 feet wide. Traffic is not controlled by any stop, yield or warning signs. It was a bright sunny day and the asphalt paved streets were dry.

Both parties were traveling alone and were the only eye-witnesses to the accident. Plaintiff testified she was driving north on Walnut Street in a 1966 Buick owned by her husband. This was a residential area and there were small children playing in the vicinity. As plaintiff approached the intersection she testified she was going very slowly. She looked to the right and to the left and saw no oncoming traffic. She then proceeded across the intersection at a speed of ten miles per hour or less. She did not see defendant's automobile until it struck her car.

Defendant Gunderson who was seventeen years of age lived about four blocks north of 21st Street. He testified he drove his

1966 Chevrolet south on Douglas Avenue until he reached 21st Street. This intersection is controlled by stop signs and is one block east of where the accident occurred. After stopping on Douglas defendant entered 21st Street and proceeded west. He first saw plaintiff's automobile between a house and tree on Walnut Street at which time he "hit his brakes" which locked leaving skid marks straight ahead for a distance of 61½ feet to the point of impact. The front end of his Chevrolet struck the right front side of plaintiff's vehicle. The collision occurred in the northern sector of the intersection in defendant's lane of travel. Following the collision defendant's automobile stopped close to the point of impact while plaintiff's automobile came to rest a short distance northwest of the intersection. No skid marks were left by plaintiff's car. Both autombiles were extensively damaged.

As a result of the accident plaintiff, a 48-year-old housewife, sustained a fractured leg. She was hospitalized, a metal fixation screw was inserted in her leg, and she was placed in a cast. She has a 50% permanent disability to her knee and 20% disability to her whole right leg which will continue to restrict her normal activities. The injury will also continue to cause her pain, suffering, and discomfort.

Defendant contends plaintiff was guilty of contributory negligence barring recovery as a matter of law in failing to yield the right-of-way and in failing to look or see him prior to the collision.

SDCL 32-26-13 provides that when two vehicles approach or enter an intersection which is not controlled by traffic signs or signals "the driver of the vehicle on the left shall yield the right of way to the vehicle on the right". The same statute goes on to provide, however, that "The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

Although defendant approached the intersection involved to the right of plaintiff, he does not rely entirely on his statutory right-of-way. To the contrary, he concedes it was a "blind" or "obstructed view" intersection within the contemplation of SDCL

32-25-15, and 15 miles per hour was the lawful speed when approaching within 50 feet and while crossing the same. Defendant further admits he approached the intersection in excess of 15 miles per hour "thereby establishing his negligence which was a proximate cause of the collision". Citing Nugent v. Quam, 82 S.D. 583, 152 N.W.2d 371, as authority he maintains our Comparative Negligence Act, SDCL 20-9-2, does not apply to the facts in this case as "there is nothing to compare between the negligence of Plaintiff and that of Defendant, in that they are both in violation of motor vehicle safety statutes."

We do not agree with defendant's interpretation of Nugent v. Quam. In that case plaintiff was a pedestrian and defendant was driving a motor vehicle. Both were violating safety statutes or rules. The opinion expressly points out our comparative negligence statute "requires that a claimant's want of care for his own protection against the risk of injury under the circumstances must be compared with the defendant's want of care under the circumstances for protection of others, whatever may be their activities or the instrumentalities used". The court went on to conclude plaintiff's contributory negligence could not reasonably be considered "slight" under the circumstances as it equaled or nearly equaled the negligence attributable to defendant.

■ The trial court found the proximate cause of the accident was the negligence of both parties, but the negligence of the plaintiff was slight when compared to the negligence of the defendant. In making this determination the court could reasonably find defendant was traveling between 45 and 47 miles per hour just before he applied his brakes. Because of unlawful speed defendant's car was not shown to be in a favored position and was beyond the radius of plaintiff's vision as she approached the blind intersection. Therefore, the question of whether plaintiff's contributory negligence was more than slight was a matter for the trier of fact to determine. Yost v. Yost, 81 S.D. 588, 139 N.W.2d 238; Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342; and Flanagin v. DePriest, 182 Neb. 776, 157 N.W.2d 389. As we are unable to say the findings of the trial court are clearly erroneous, they are binding upon this court. SDCL 15-6-52(a).

■ The trial court did not abuse its discretion in allowing Professor Eldon E. Stensaas to testify, as an expert, as to the speed of defendant's automobile. Professor Stensaas was a licensed engineer with years of experience investigating automobile accidents. Because of his special knowledge and experience his opinion could be an aid to the court in determining the issue of speed. Wentzel v. Huebner, 78 S.D. 481, 104 N.W.2d 695. It is generally held that a qualified witness may give his opinion as to the speed of a motor vehicle based upon tire or skid marks at the scene of the accident. 8 Am.Jur.2d, Automobiles and Highway Traffic, § 990, p. 543. The expert testimony in this case does not come within the condemnation of Kleinsasser v. Gross, 80 S.D. 631, 129 N.W.2d 717, where the expert's conclusions invaded the province of the jury and lacked foundation as it was contrary to the testimony of eyewitnesses and was not supported by or consistent with the physical facts surrounding the accident.

Finding no merit in defendant's other assignments of error, the judgment appealed from is affirmed.

BIEGELMEIER, P. J., and WINANS and WOLLMAN, JJ., concur.