RICKETTS, Respondent v. TUSA, et al., Appellants

(214 N.W.2d 77)

(File No. 11205. Opinion filed January 18, 1974)

David A. Gerdes, of Martens, Goldsmith, May, Porter & Adam, Pierre, for defendants and appellants.

Edward M. Blando, of Tidball, Blando, Kemnitz & Axtmann, Pierre, for plaintiff and respondent.

DUNN, Justice.

This is an appeal from a Jury verdict in favor of the plaintiff for personal injuries suffered in an automobile collision in Pierre, South Dakota, on June 20, 1969. The trial court directed a verdict for the plaintiff on the question of liability as against both of the defendants, Tusa and Wegner Auto Company, Inc., and

submitted the question of proximate cause and damages only to a jury. From a verdict in favor of the plaintiff against both defendants and a denial of a new trial, defendants appeal.

Plaintiff was proceeding south on Huron Avenue and defendant, Tusa, operating an automobile belonging to his employer, Wegner Auto Company, Inc., was proceeding east on Fifth Street. The collision occurred in the southwest quadrant of the intersection of Huron Avenue and Fifth Street.

According to plaintiff, he was traveling at a speed of 10 or 15 miles per hour as he entered the intersection, and that as the front of his car reached the curbline of Fifth Street, he looked west on Fifth Street and saw no vehicle approaching, even though he could see for at least a half block west on Fifth Street. According to the testimony of Tusa, he was proceeding east on Fifth Street. He stopped for a stop sign one block west of the intersection of Huron and Fifth and then proceeded forward in an easterly direction until he entered the accident intersection at a speed of 20 to 25 miles per hour. He testified that both automobiles entered the intersection at approximately the same time; that he applied brakes when he saw the plaintiff's automobile but still collided with the right front of plaintiff's vehicle. One of the investigating officers testified that Tusa left skid marks of 41 feet leading up to the point of contact with plaintiff's automobile.

After certain skid mark tests conducted by the officer, he concluded that the defendant, Tusa, was operating his automobile at a minimum speed of 40 miles per hour at the point of contact; and defendant, Tusa, was arrested for failing to yield right-of-way. Apparently by a city ordinance, Tusa forfeited his directional right-of-way by excessive speed. The ordinance was not introduced in evidence but reference was made to it in the testimony of the investigating officers. In the absence of an ordinance, state statute also provides that a driver forfeits any directional right-of-way by unlawful speed. SDCL 32-26-13. This Court has held that the forfeiture of directional right-of-way by excessive speed under the statute does not confer right-of-way to the other party. Mills v. Armstrong, 70 S.D. 1, 13 N.W.2d 726,

and Stacey v. Patzloff, 67 S.D. 503, 295 N.W. 287. This being true, Tusa could scarcely be guilty of failing to yield a right-of-way to plaintiff which plaintiff did not have either by direction or because of defendant Tusa's alleged speed. Nevertheless, Tusa was charged with failure to yield right-of-way. He first pled not guilty to the charge and then later changed his plea to guilty and was fined $10.00. According to Tusa this was done not because he thought he was guilty, but because he did not want to incur the expense of counsel, and because he wanted to leave town immediately. Plaintiff's evidence does not indicate a speed limit at this intersection, but a discovery deposition of officer Jones (included in the settled record) placed the speed limit at 30 miles per hour. This deposition was not introduced in evidence, and thus was not considered by the jury or the trial court. Accordingly, we are bound by the general statutory speed statute at this intersection that "It shall be unlawful for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing". SDCL 32-25-3.

According to the expert testimony of Richard Siedschlaw, a South Dakota Highway Patrolman and a witness for the defense, the skid marks of 41 feet by measurement under the circumstances of this accident, would indicate a speed of 26 to 31 miles per hour of the Tusa driven vehicle. Neither the police officer nor the highway patrolman testified from actual observation of the speed, but from certain scientific tests taken at the scene of the accident.

Where a verdict is directed against the defendant on liability, this Court on appeal is required to review the evidence in the light most favorable to the defendant. Berlin v. Berens, 76 S.D. 429, 80 N.W.2d 79. In order for the plaintiff to receive a directed verdict on liability the evidence must show as a matter of law that the defendant was negligent and that the plaintiff was free from any contributory negligence. Negligence and contributory negligence are ordinarily for the jury and it is only when facts are not in dispute or are such that reasonable men could not differ that these issues become one for the court. Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342.

■ Under this Court's decisions defendant, Tusa, would be negligent as a matter of law if he violated a statute or ordinance. Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529; McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485. Here, however, viewing the evidence most favorable to the defendant, the alleged violation was contested. Defendant's plea of guilty was an admission against interest, but it was not conclusive. He is permitted to explain away his plea which he did in this instance and for the purpose of this appeal we must accept his explanation. According to the evidence Tusa had the directional right-of-way. The only direct evidence in the record as to Tusa's speed was his own evidence of 20 to 25 miles per hour, as the plaintiff contends that he did not see the defendant's vehicle previous to the collision. The expert testimony of the officers based on skid marks was conflicting; thus there is a question of fact as to defendant's speed and his alleged negligence.

■ On the question of plaintiff's contributory negligence, defendant, Tusa, testified that the parties approached the intersection at approximately the same time and that defendant was on the right proceeding at a speed of 20 to 25 miles per hour. This would leave the plaintiff failing to yield the right-of-way and failing to keep a proper lookout for other vehicles. On plaintiff's own testimony that he approached the intersection at 10 to 15 miles per hour, looked west for one half block and saw nothing, he would be remiss in failing to see what was plainly there to be seen. This Court has held that the question of whether plaintiff's contributory negligence was more than slight in failing to see a vehicle which is favored over him at an intersection unprotected by stop signs was a matter for the trier of fact to determine. Smith v. Gunderson, 86 S.D. 38, 190 N.W.2d 841, et al. And even where a driver looks but fails to see another vehicle shown to be in a favored position, the question of his negligence is for the jury. Yost v. Yost, 81 S.D. 588, 139 N.W.2d 238; Grosz v. Groth, 78 S.D. 379, 102 N.W.2d 834; Stacey v. Patzloff, supra; Sanderson v. Westphalen, 178 Neb. 298, 133 N.W.2d 16. Thus, both the question of defendant Tusa's negligence and of plaintiff's contributory negligence should have been submitted to the jury.

■ Plaintiff outlines various theories in his brief to support the directed liability of Wegner Auto Company, Inc. He first relies on a presumption that Tusa was acting within the scope of his employment which arose from the fact that he was an employee of Wegner; that the automobile belonged to Wegner; and that Tusa was driving the automobile with Wegner's permission during working hours at the time of the collision. This presumption is contradicted by direct testimony, however, to the effect that Tusa was off duty at the time of the accident and that his ordinary duties at Wegner Auto Company, Inc., did not include driving an automobile around town. Plaintiff's other theories that Tusa was a prospective purchaser of the car, and that Wegner was negligent in permitting an incompetent driver to operate one of his vehicles were not developed by the evidence sufficiently to support a directed verdict. The question of Wegner's separate liability should likewise have been submitted to the jury under proper instructions.

Defendant was not entitled to a directed verdict of dismissal under this record, and in view of the fact that the case is to be ordered re-tried, we do not pass on the question of damages. The judgment of the circuit court is reversed and a new trial granted.

All the Justices concur.