**James BUCKLEY, Plaintiff and Appellant,**

v.

**Steve FREDERICKS, Defendant and Respondent.**

**No. 12539.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 28, 1980.

Decided April 30, 1980.

John E. Burke, Sioux Falls, for plaintiff and appellant; John N. Gridley, III of Gridley, Nasser & Arneson, Sioux Falls, on brief.

Lyle J. Wirt of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent.

PER CURIAM.

The sole issue on appeal is whether the trial court abused its discretion when it admitted defendant's expert testimony concerning the speed of his car. We hold that there was no abuse of discretion and affirm the judgment.

Shortly after midnight on May 25, 1974, four young men were involved in a one car accident on Lincoln County Highway 117. The car, driven by defendant Steve Fredericks, missed a curve, rolled over, and ended up in a ditch.

At trial three of the eyewitnesses testified. Back seat passengers Dan Sarutzki and plaintiff James Buckley testified that despite their pleas to slow down, defendant pushed the accelerator to the floor as the car approached the curve. Sarutzki estimated that the car was going one hundred miles per hour when it missed the curve and hit the side of the ditch; plaintiff estimated that the car was going between seventy and eighty miles per hour. Defendant testified that he was driving between thirty and fifty miles per hour at the time the car entered the curve.

Highway Patrolman Mike Valland investigated the accident. Although he did not find skid marks on the blacktop highway, he did find tire marks on the gravelled road meeting the blacktop. The tire marks were traceable to the point where the car came to rest in the ditch, seventy-six feet from where the car left the blacktop. Officer Valland did not find any gouge marks on the south embankment of the ditch. It was his opinion that the car left the blacktop, proceeded in a southeasterly direction, rolled over once, and stopped in the ditch right side up facing north.

On direct examination Officer Valland was not allowed to express his opinion as to speed. On redirect, after plaintiff's counsel had cross-examined him on the action the car would have taken at various speeds, Valland estimated that the car was going under fifty miles per hour when it left the highway.

Plaintiff objects to the testimony of defendant's expert witness, Dr. Ronald Nelson, a physics professor who has reconstructed accidents in other cases. See *Kleinsasser v. Gross*, 80 S.D. 631, 129 N.W.2d 717 (1964); *Dougherty v. Boyken*, 261 Iowa 602, 155 N.W.2d 488 (1968). Defendant retained Dr. Nelson four years after the accident. Based on his investigation at the scene of the accident and the testimony of Officer Valland, Dr. Nelson estimated that the car was traveling thirty miles per hour when it left the blacktop. Plaintiff argues that Dr. Nelson's opinion testimony should have been excluded because it lacked proper factual foundation.

The admissibility of a claimed expert's opinion is within the discretion of the trial court. *Wentzel v. Huebner*, 78 S.D. 481, 104 N.W.2d 695 (1960). The trial court's ruling will be disturbed only in case of a clear abuse of discretion. *State v. Riiff*, 73 S.D. 467, 44 N.W.2d 126 (1950).

Although this court has expressed a preference for eyewitness testimony, *Kleinsasser v. Gross*, supra, eyewitness testimony does not preclude the additional use of expert testimony. *Le Mieux v. Bishop*, 296 Minn. 372, 209 N.W.2d 379 (1973); *Payne v. Noles*, 5 Ill.App.3d 433, 283 N.E.2d 329 (1972). The test remains whether it is necessary to rely on knowledge and application of principles of science beyond the ken of the average juror. *Kleinsasser v. Gross*, supra.

■ We have long held that an estimate of automobile speed is a topic on which expert testimony may be elicited. *Heidner v. Germschied*, 41 S.D. 430, 171 N.W. 208 (1919); *Wentzel v. Huebner, supra; Smith v. Gunderson*, 86 S.D. 38, 190 N.W.2d 841 (1971). We noted in *Wentzel, supra*, a case with a factual situation similar to the case at bar, that

> this jury needed to arrive at a conclusion as to the excessiveness of the speed of the vehicle in assessing the degree of risks to which he intentionally exposed his guests. Because the computation made by this scientist, which the jury was incapable of making, would be helpful, if accepted by them as accurate, we deem the objection of defendant to the reception of his opinion as manifestly without merit.

78 S.D. at 494, 104 N.W.2d at 702.

■ The only question remaining is whether there was sufficient factual data to support Dr. Nelson's opinion. Dr. Nelson based his estimate of the car's speed on mathematical calculations involving the dimension of the ditch, the marks in the gravel leading to the car, the placement of the car in the ditch, the distance the car travelled after leaving the blacktop, the damage to the car, and the absence of gouge marks on the south bank of the ditch. He was aware of the physical evidence from his investigation of the scene and Officer Valland's testimony.

Plaintiff argues that the physical evidence was insufficient because Dr. Nelson did not examine the car, conduct skid tests, or examine the accident debris. These alleged deficiencies go to the weight of the testimony, not to its admissibility, and the weight to be given to the testimony was a matter for the jury. *Le Mieux v. Bishop, supra; State v. Riiff, supra; Serbousek v. Stockman Motors, Inc.*, 106 N.W.2d 879 (N.D.1960). Any deficiencies in the factual basis of Dr. Nelson's opinion were adequately brought to the jury's attention on cross-examination.

The judgment is affirmed.