**C. Ray PEERY, Grievant and Appellant,**

v.

**DEPARTMENT OF AGRICULTURE, State of South Dakota, Respondent and Appellee.**

**No. 15350.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1987.

Decided March 18, 1987.

James E. Carlon of Gors, Braun, Carlon, Smith and Zastrow, Pierre, for grievant and appellant.

Mark W. Barnett of Schmidt, Schroyer, Colwill Zinter & Barnett, P.C., Pierre, for respondent and appellee.

HEEGE, Circuit Judge.

This is an appeal from a judgment of the circuit court affirming the Findings of Fact, Conclusions of Law, and Order of the South Dakota Career Service Commission. The Commission had affirmed the termination of employment of appellant C. Ray Peery, a career service employee of the South Dakota Department of Agriculture. We affirm.

The South Dakota Department of Agriculture terminated Peery's employment on January 25, 1984. Peery had been employed by the Department for approximately ten years as the administrator of the pesticide program. The decision to discharge Peery was made by his supervisor, the Director of Regulatory Services, Vern Brakke. Peery's employment was terminated for cause and he filed a grievance. Peery's supervisor and the Secretary of Agriculture each refused to reinstate Peery.

Peery then appealed to the Career Service Commission, which convened a contested case hearing. At the conclusion of the hearing the Commission issued a memorandum decision in favor of the Department and entered Findings of Fact and Conclusions of Law supporting the memorandum decision. Peery appealed to the circuit court, which affirmed the decision of the Commission, adopted the Findings of Fact and Conclusions of Law of the Commission, and entered "supplemental" Findings and Conclusions.

■ At the hearing before the Commission Peery called as an expert witness, Art Losey, who had extensive experience as a personnel manager. Peery sought to elicit from Losey an opinion as to the propriety of the discharge of Peery by his supervisor. Peery assigns as error the refusal of the Commission, and ultimately of the circuit court, to permit Losey to express his opinion on this subject.

It should be noted that the opinion solicited embraces the ultimate issue to be decided by the trier of fact. It should likewise be noted that when South Dakota adopted its rules of evidence, patterned after the federal rules, it did *not* adopt Federal Rule of Evidence 704. The federal rule provides in part that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Under the South Dakota rule, the admissibility of a claimed expert's opinion is within the discretion of the trial court. SDCL 19–15–2; *Buckley v. Fredericks*, 291 N.W.2d 770 (S.D.1980). We find no error in the refusal to permit the expert witness to express his opinion on this matter.

■ Peery also claims that he should have had a pretermination hearing before the Department of Agriculture or its Division Director. Initially, Peery did not raise this issue before the circuit court. Instead, Peery commenced a § 1983 action in the United States District Court for the District of South Dakota. After the commencement of the action in the District Court, the United States Supreme Court held that a government employee has a right to a pretermination hearing. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The District Court entered its decision that the requirements of *Loudermill, supra,* had been met. The District Court's decision is now final and cannot be claimed as error in this court.

■ Finally, Peery claims that the ultimate decision of the Career Service Commission as affirmed by the circuit court is not supported by the evidence and is erroneous.

As is pointed out in *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292 (S.D. 1982), this court reviews the record of the administrative agency in the same manner as the circuit court, unaided by any presumption that the lower court's decision is correct. Under SDCL 1–26–36, the court

may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: ...

   (4) Affected by other error of law;

   (5) Clearly erroneous in light of the entire evidence in the record; or

   (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion....

Peery claims that some of his previous work reviews were reported as satisfactory; he contends, therefore, that the Department of Agriculture had no just cause to terminate him and could not do so as a matter of law. We conclude that the work reviews were evidence to be weighed along with the other testimony and exhibits, and that there was no error of law committed by not taking the work reviews as conclusive. The evidence presented to the Commission supported the action of the Department in discharging Peery. Although this court might have reached a different result, we do not feel that the result reached by the Commission is clearly erroneous and we will not substitute our judgment for that of the Commission.

The judgment of the circuit court is affirmed.

All the Justices concur.

HEEGE, Circuit Judge, for MILLER, J., disqualified.