Robert P. **MUSILEK**, Plaintiff and Appellant,

v.

Allen Robert **STOBER**, Defendant and Appellee.

No. 16040.

Supreme Court of South Dakota.

Considered on Briefs Oct. 12, 1988.

Decided Jan. 25, 1989.

Michael Abourezk of Johnson, Eklund & Davis, Gregory, for plaintiff and appellant.

J.M. Grossenburg of Day & Grossenburg, Winner, for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY

This case arose out of a car accident at the intersection of a blacktop county highway and a gravel township road. The scene of the accident was an uncontrolled intersection as there were no stop signs at any of the four corners. Evidence established that vandals had removed the stop signs. The case was tried to the circuit court, sitting without a jury. After ruling against Robert Musilek (plaintiff) from the bench, the trial court entered findings of fact and conclusions of law dismissing the complaint, even though negligence on the part of both parties was found. Plaintiff now appeals from the trial court's judgment dismissing his negligence claim against Allen Stober (defendant). We reverse.

## FACTS

On August 5, 1985, plaintiff and defendant were involved in a car accident in Tripp County. Plaintiff was driving north on a blacktop county road which connects highways 18 and 44 east of Winner. Defendant was driving west on a gravel township road which intersects the blacktop road. The intersection of the two roads was uncontrolled by any traffic signs at the time of the accident. According to the county highway superintendent, there had been stop signs at this intersection in the past which required traffic on the gravel road to stop, but the signs were missing due to vandalism.

The parties approached the intersection almost simultaneously; defendant was on plaintiff's right and entered the intersection ahead of plaintiff. Defendant was traveling ten to fifteen miles per hour, while plaintiff was traveling thirty to forty-five miles per hour. Defendant testified that he looked south but never saw plaintiff's vehicle. Plaintiff observed defendant's vehicle while plaintiff was still 200 yards from the intersection. Even so, plaintiff did not slow down as he entered the intersection. Plaintiff apparently assumed that, because he was on a through highway, defendant's vehicle would come to a stop before entering or crossing the highway. Plaintiff noticed defendant slow down perceptibly, as if defendant would stop. The front of plaintiff's vehicle struck the left rear of defendant's vehicle in the middle of the northbound lane of the blacktop road.

Plaintiff filed suit, alleging that defendant was negligent due to a failure to keep a proper lookout, failure to yield the right-of-way, and failure to stop at the intersection of a county road and township road. In its oral findings, the trial court ruled that the fact the north-south road was blacktopped was "of no probative value in this case." In its written findings, the court ruled that defendant was negligent for failure to keep a proper lookout and plaintiff was negli-

gent for failure to yield the right-of-way. The trial court concluded that plaintiff's contributory negligence, being more than slight in comparison with that of defendant, precluded plaintiff's recovery of damages.

## ISSUE I

Is violation of the right-of-way statute (SDCL 32–26–13) excused by the fact that the violator was on a blacktop highway while the vehicle approaching from the right was on a gravel road?

SDCL 32–26–13 states: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right...." Plaintiff argues that since he was on a blacktop "through highway," he did not have to yield the right-of-way to a vehicle on an inferior gravel road. Therefore, according to plaintiff, the trial court erred in finding him contributorily negligent.

■ Plaintiff is correct in stating that a motorist on a through highway has a right to assume that cross traffic will come to a stop before entering or crossing such a highway. *Roth v. Jelden*, 80 S.D. 40, 118 N.W.2d 20 (1962); *Grosz v. Groth*, 78 S.D. 379, 102 N.W.2d 834 (1960). The question then becomes whether this particular blacktop road was a "through highway."

■ In South Dakota, state or local authorities designate through highways "by erecting at the entrances thereto from intersecting highways stop or yield signs." SDCL 32–29–2. Here, the county intended to make the blacktop road a through highway since stop signs had been erected along the road to control traffic from other intersecting roads. The county highway superintendent testified that there had been a stop sign at the intersection where the accident occurred, but it was missing due to vandalism. The superintendent did not know how long the stop sign had been down. He also testified:

(1) The blacktop highway traveled by plaintiff was built with federal funds;

(2) Federal specifications require placement of stop signs at intersections;

(3) The county superintendent himself was personally knowledgeable that stop signs were placed at this intersection on the east-west gravel road approaches;

(4) The county superintendent himself ordered the placement of these signs;

(5) The county superintendent personally saw the signs; and

(6) Because of vandalism, the signs were replaced on six or eight different occasions by the County Highway Department.

Though the trial court received this evidence, it later ruled the evidence was totally irrelevant. It held that the evidentiary value of traveling on a blacktop highway or an intersecting road "is of no probative value." We cannot agree. It is of critical importance that the county highway was not only blacktopped, but was a through highway, as designated by statute. SDCL 32–29–2. Under settled South Dakota law, the driver on the through highway has the right-of-way. *Roth, supra; Grosz, supra.* Therefore, the trial court erred in ruling that this evidence was irrelevant.

■ We further note that plaintiff's uncontroverted testimony is that defendant slowed his vehicle, as defendant approached the intersection, to a speed of ten to fifteen miles per hour, thus giving plaintiff cause to believe that he, defendant, was coming to a stop. It appears the trial court did not take this testimony into consideration.

Moreover, we earlier alluded to the fact that defendant testified he did not see plaintiff driving on the through highway. Testimony of the deputy sheriff who investigated the accident reflects the following: defendant's license requires that he wear glasses when driving a vehicle, and defendant told the deputy that he was not wearing his glasses while driving that day and he only wears them when he reads. All of this evidence goes to the heart of the negligence question and must be considered by the trial court when comparing the negligence of the parties.

## ISSUE II

■ Did the trial court err by failing to enter findings comparing plaintiff's negligence with defendant's negligence?

Under SDCL 20–9–2, the fact that plaintiff may have been guilty of contributory negligence shall not bar recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant. This statute requires the plaintiff's negligence to be compared with the negligence of the defendant, rather than with the ordinarily prudent person. *Lovell v. Oahe Electric Coop.*, 382 N.W.2d 396 (S.D.1986).

Here, the trial court addressed the negligence of both parties in its findings, setting forth their respective duties and how they breached those duties. The trial court then concluded:

> Plaintiff's contributory negligence, being more than slight in comparison with that of the defendant, precludes his recovery for damages to his pickup and claimed personal injuries. A reasonable man in plaintiff's place would not have concluded it was safe to go through the intersection under the facts of this case.

Therefore, the trial court addressed the problem of plaintiff's contributory negligence, but it did not enter findings directly comparing the negligence of the two parties. Instead, the trial court examined plaintiff's negligence using the reasonable man standard. This is clearly contrary to our holding in *Lovell* and requires reversal of the judgment.

REVERSED AND REMANDED.

WUEST, C.J., and MILLER, J., concur.

MORGAN and SABERS, JJ., concur in part and concur in result in part.

SABERS, Justice (concurring in part and concurring in result in part).

I agree with the majority opinion on Issue I. The fact that the blacked topped road was a through highway, as designated by SDCL 32–29–2 was not only relevant but critical. This fact should have been considered by the trial court when compar-ing the negligence of the parties. However, the test used by the trial court under Issue II was not only correct but in accord with *Lovell* and *Nugent.* As stated in *Lovell* at 399:

> The comparison is made with the negligence of the defendant, rather than with the ordinarily prudent person. *Crabb v. Wade,* 84 S.D. 93, 97–98, 167 N.W.2d 546, 549 (1969). However, the norm of conduct of an ordinary, reasonably prudent person must be considered in determining the extent to which each party fell below that standard and, thus, was found negligent or contributorily negligent. *Nugent v. Quam,* 82 S.D. 583, 594–95, 152 N.W.2d 371, 377 (1967).

The trial court complied with the test, but simply failed to insert the Issue I factor in the proper light or give it the proper consideration. Therefore, I would reverse and remand for the application of the comparative negligence statute, SDCL 20–9–2, with proper consideration for the Issue I factor.

Justice MORGAN joins in this special writing and I am authorized to so state.