#24545-a-PER CURIAM

**2008 SD 7**


IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

| | |
|---|---|
| BARBARA ANN DRAPEAU, | Plaintiff and Appellant, |
| v. | |
| HEATHER ROSE KNOPP, | Defendant and Appellee. |

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Judge

* * * *

JAMES G. ABOUREZK of
Abourezk Law Offices, PC
Sioux Falls, South Dakota                    Attorneys for plaintiff
                                             and appellant.


MARK J. WELTER of
Wilka & Welter, LLP
Sioux Falls, South Dakota                    Attorneys for defendant
                                             and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 6, 2007

OPINION FILED **01/30/08**

#24545

PER CURIAM

## ACTION

[¶1.] Barbara Ann Drapeau (Drapeau) appeals a circuit court judgment finding in the favor of Heather Rose Knopp (Knopp), the defendant.

## FACTS

[¶2.] On December 14, 2006, Drapeau was a passenger in her vehicle, driven by her daughter, Emberlyn Hopkins (Hopkins). Driving north on Louise Avenue, Hopkins made a left-hand turn onto Empire Place Road, which led to the Empire Mall. While Hopkins turned onto Empire Place Road, Knopp was traveling from one private parking lot to another (south to north) across Empire Place Road. Drapeau's vehicle struck Knopp's vehicle on the passenger side. Vehicles traveling on Empire Place Road have the right-of-way over vehicles entering the street from a parking lot, under SDCL 32-26-14.[1] Drapeau's vehicle was totaled as a result of the accident. Drapeau sued Knopp for the retail value of her vehicle and the cost of towing.

[¶3.] At trial, Drapeau testified that her daughter stopped at the traffic light at the intersection of Louise and Empire Place Road, and, after the light had turned green and all the traffic had cleared, they turned left onto Empire Place Road traveling at a speed of five to ten miles per hour. She claims that at the moment

---

1. SDCL 32-26-14 provides:

   The driver of a vehicle about to enter or cross a public highway from an alley, building, private road, or driveway shall yield the right-of-way to all vehicles approaching on such public highway. A violation of this section is a Class 2 misdemeanor.

Knopp pulled out of a parking lot in front of her vehicle, the collision took place. Although Knopp never challenged Drapeau's testimony regarding her vehicle's speed, she challenged her credibility.

[¶4.]    Knopp questioned Drapeau about the fact that the police record indicated she was the driver, claiming that Drapeau lied to the police to hide the fact that her daughter was driving the vehicle. At the time, her daughter did not have a license, which she claimed was taken from her about ten years earlier as the result of a traffic offense, but she acknowledged her daughter does not "tell [her] everything." Drapeau claimed that the officer only asked who the owner was, never who was driving.

[¶5.]    During Knopp's testimony she indicated the existence of numerous defects of Drapeau's vehicle to support her claim that the car was in "fair to poor" condition, only worth about three-thousand, and not three-thousand nine-hundred and ninety-five dollars as claimed by Drapeau.

[¶6.]    Knopp testified that she was traveling from one parking lot to another across Empire Place Road.[2] She stopped at the stop sign, and after waiting for a "couple of cars" to pass she "looked both ways" and saw that no vehicles were turning onto the road. She determined that "it was clear to pass," at which point

_____

2.    Knopp testified as follows:
     I was stopped at a stop sign waiting to cross into another parking lot and I had stopped at the stop sign, looked both ways, seen a couple cars coming, waited and I seen it was clear to pass and I proceeded into the intersection. As I proceeded into the intersection, my front part of my car was already into the next parking lot as Barbara's daughter proceeded into the street and hit my car.

she "proceeded into the intersection." As Knopp's vehicle was entering the opposite parking lot, Drapeau's vehicle proceeded onto the road and struck the right passenger door of Knopp's vehicle. Knopp conceded that vehicles traveling on Empire Place Road had the right-of-way.

[¶7.] The trial court found that Knopp was acting reasonably under the circumstances. It also concluded that Drapeau failed to prove Knopp was negligent. Drapeau appeals.

## STANDARD OF REVIEW

This Court reviews a trial court's findings of fact under the "clearly erroneous" standard and overturns a trial court's conclusions of law only when the trial court erred as a matter of law. In applying the clearly erroneous standard, our function is not to decide factual issues de novo. The question is not whether this Court would have made the same finding that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed. We will not overturn the trial court's decision unless, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made. Due regard shall be given to the opportunity the trial court had to judge the credibility of witnesses.

Zarecky v. Thompson, 2001 SD 121, ¶8, 634 NW2d 311, 314 (citations omitted).

## ANALYSIS AND DECISION

[¶8.] Drapeau contends that the trial court's findings were clear error and its conclusions were an abuse of discretion. We are not convinced.

[¶9.] According to Knopp's testimony she was driving with the utmost care, making every attempt to ensure the safe passage of her vehicle across the street, yet, her vehicle was still struck (T-bone style) by Drapeau's vehicle. According to Knopp, her vehicle started to exit the street when Drapeau's vehicle turned onto

Empire Place Road. Although Knopp conceded that street traffic has the right-of-way, this concession is not equivalent to fault. In *Carpenter v. City of Belle Fourche,* we stated: "An intersection collision is not proof by itself that fault lies with the unfavored driver. . . . Drivers are not required to notice every vehicle within the range of vision, but only those within the radius of danger." 2000 SD 55, ¶14, 609 NW2d 751, 759 (stating that negligence of a vehicle "entering a preferential highway protected by a stop sign remains for the trier of fact") (citations omitted); *see also* Ricketts v. Tusa, 87 SD 702, 706, 214 NW2d 77, 79 (1974) (stating "where a driver looks but fails to see another vehicle shown to be in a favored position, the question of his negligence is for the jury") (citations omitted). Furthermore, a driver may forfeit the right-of-way by traveling at an excessive speed. SDCL 32-26-13 ("The driver of any vehicle traveling at an unlawful speed shall forfeit the right-of-way which he might otherwise have hereunder."). Assuming that Knopp did take the precautions stated above, the trial court's findings were not in error and its conclusions were not an abuse of discretion. Thus, we affirm the trial court's judgment.

[¶10.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.